Kendall *et al. vs.* Dow.

bank, and moved, on such proof, to have the returns amended. The Court ruled that the sheriff might amend his returns, if he so desired, but refused to allow the proof. It was admitted that the sheriff who made the returns was dead, and that the summons of garnishment were lost. The Court sustained the motion of Messrs. Moses, Ingram & Crawford, and ordered that the proceedings of garnishment against said bank do abate. To which ruling counsel for plaintiffs excepted and now assign the same as error.

HENRY L. BENNING; GRIGSBY E. THOMAS, for plaintiffs in error. The return was amendable by parol evidence : Code, sections 3447, 3456; 36 Ga. R., 602; 16 *Ib.*, 198; 19 *Ib.*, 283. For every right there shall be a remedy : Code, sections 3185, 3447; 16 Ga. R., 198.

R. J. MOSES; INGRAM & CRAWFORD, for defendant.

---

JOHN M. KENDALL *et al.*, plaintiffs in error, *vs.* MARY Dow, defendant in error.

1. Where property is levied on which is claimed by complainant was re-leased from the lien of the execution by a written contract, and the terms of said agreement are ambiguous, and the affidavits as to the intention of the parties, read on the hearing of the motion for injunction, are conflicting, this Court will not interfere with the discretion of the Chancellor granting an injunction. (R.)

2. Equity will interfere by injunction where it will prevent a multiplicity of suits and quiet the title to a number of lots of land by one final decree. (R.)

Injunction. Release of lien. Multiplicity of suits. Cloud on title. Before Judge STROZIER. At Chambers. June 8th, 1872.

Mary Dow filed her bill against John M. Kendall and C. R. Collins, sheriff of Mitchell county, containing the following material allegations: That complainant, a resident of the city and State of New York, is the sole heir of John M. Dow, late of said city and State, who recently died intestate; that an administration upon the estate of said John M. Dow is unnecessary, as there are no debts due by said estate; that John M. Kendall brought assumpsit against one William W. Cheever, to the ......... Term, 185..., of the Superior Court of Dougherty county, upon which a verdict for plaintiff was rendered at the ......... Term, 1857, for $........., upon which an appeal was entered by said Cheever; that upon the appeal trial, a verdict was rendered for the plaintiff for $.........; that a new trial was awarded by the Supreme Court; that the case was pending for trial at the June Term, 1870, of said Court; that Cheever died on ...... day of ......, 1863, and George H. Cheever, his administrator, had been made a party defendant; that, under the decision of the Supreme Court, plaintiff would have been unable to have made out his case; that George H. Cheever, administrator as aforesaid, was a non-resident, and was represented by Hines & Hobbs, as his attorneys; that John M. Dow was also a non-resident, and was represented by the same attorneys; that William W. Cheever had, by deeds, conveyed to said John M. Dow, for a cash consideration, large amounts of lands, and amongst them the lots, for the protection of which this bill is filed; that these deeds were recorded in the county of Baker, within the twelve months allowed by law; that the county of Mitchell was carved out of the county of Baker after the record of said deeds; that the deed to the land in dispute was made subsequent to the first verdict in the case of John M. Kendall *vs.* William W. Cheever; that Thomas S. Metcalf had also purchased from said W. W. Cheever certain city lots,

Kendall *et al. vs.* Dow.

the title to which was subsequent to said verdict; that said Metcalf had died, having in his lifetime employed Messrs. Hines & Hobbs as his attorneys; that negotiations were opened between the parties interested for a settlement, which resulted in the following contract:

"GEORGIA—DOUGHERTY COUNTY:

"JOHN M. KENDALL *vs.* WILLIAM W. CHEEVER—Complaint in Dougherty Superior Court.

"Whereas, the plaintiff in the above stated cause, heretofore, to-wit: at the ......... Term, 185..., of the Superior Court of Dougherty county, obtained a judgment at common law against said W. W. Cheever, and on which judgment an appeal was entered by said defendant, which is still pending in said Court, and, whereas, the lien of said common law judgment is supposed to bind certain property hereinafter more fully set forth; this agreement, entered into this 11th day of August, 1870, between Hines & Hobbs, attorneys representing the estates of T. S. Metcalf, John M. Dow and themselves of the one part, and R. N. Ely and Vason & Davis, attorneys representing John M. Kendall of the other part:

"Witnesseth, that said plaintiff, for and in consideration of the sum of $1,000 to be paid as is hereafter set forth, shall, upon said payment, relinquish the lien of said common law judgment on the said property hereinafter described, which said $1,000 shall be paid as follows, the same to be raised from the sale of a portion of the city lots belonging to the estate of said Metcalf, one half cash, the other half in notes of the purchasers of said lots to be sold, with interest from date of sales, and to be due twelve months after date, and in consideration of said relinquishment of said common law judgment, the said Hines & Hobbs agree to have their names stricken from the defense of said cause at the next term of Dougherty Superior Court, and allow the plaintiff to either take a verdict for the amount of the last verdict obtained in said cause, or to dismiss the appeal as plaintiffs

counsel may see fit. If the appeal is dismissed the first verdict obtained shall be reduced by remission to the amount of the second verdict. If other parties should come in to defend said cause, said Hines & Hobbs shall not be bound to see that the verdict is taken, they simply stipulate that they will not represent the defense; they further agree, in consideration of said relinquishment of said lien, when the sum is raised from the sale of lots, to pay said plaintiff's attorneys the said sum of $500 in cash, and notes of said purchasers as aforesaid for $500, upon the payment of which to plaintiff's attorneys the said lien of said judgment shall be forever released and satisfied on the following property, to-wit: all that property conveyed by W. W. Cheever to Thomas S. Metcalf, by deed, which is of record in the Clerk's office in Dougherty Superior Court, city lots forty-two, forty-four and eighty-four on Broad street, Albany, Georgia, and all those lots conveyed by W. W. Cheever and C. H. Parmalee to John M. Dow, all of which said deeds are of record.

"It is further understood and agreed that said sale of lots shall take place by or before the first day of November next. This August 11th, 1870.

(Signed,)                "HINES & HOBBS,
                        Att'ys for T. S. Metcalf *et al.*
                "VASON & DAVIS,
                        Att'ys for Kendall."

Complainant charges that by said contract it was distinctly agreed and covenanted, that if all opposition to said case going to judgment was withdrawn, all lands conveyed by William W. Cheever and Charles H. Parmalee to said Metcalf or said Dow should be discharged from the lien of said common law judgment; that said contract is specific and positive in its character, and free from any ambiguity or doubt, and distinctly meant and was intended to cover lands sold by said William W. Cheever and Charles H. Parmalee, or either of them; that said agreement was acted upon and complied with, and all opposition to said case withdrawn; that said

Kendall *et al. vs.* Dow.

Kendall, after obtaining judgment, in violation of his said agreement, has caused the *fi. fa.* based upon the same to be taken to Mitchell county, and has had it levied upon said lots, and, unless restrained, will sell the same; that complainant being a woman and a non-resident, and having no acquaintance in the State of Georgia, is unable to give security required by law to interpose a claim; that said lots levied on are worth at least $10,000, more than twice the principal and interest due upon said *fi. fa.,* which she is willing the Court shall hold subject to any damages said Kendall may recover by reason of delay; that said Kendall is unable to respond in damages for the loss that will accrue to complainant if said lots are sold; that said Kendall, by the violation of his said agreement, has cast a cloud upon complainant's title; that complainant is willing to abrogate said contract upon being placed in the position she occupied at the time it was entered into; prayer, that the said *fi. fa.* be perpetually enjoined as to all lands conveyed unto John M. Dow by said William W. Cheever and Charles H. Parmalee, or either of them; that the levy by C. R. Collins, sheriff, be enjoined from proceeding to sale; that said contract be fully enforced; that the writ of subpœna may issue; complainant waives all discovery.

The defendant, John M. Kendall, answered said bill, substantially, as follows, to-wit: Defendant denies that, under the decision of the Supreme Court in the case of *John M. Kendall vs. George H. Cheever,* administrator, he would have been unable to recover; defendant had no knowledge that in the settlement set forth in said bill John M. Dow was a party; that he has no recollection of any negotiations in relation to his interests or rights; that said Dow made no concession or payment to release his property from the lien of said judgment; that it was unknown to defendant and his counsel that said Dow was the owner of the lands levied on; that he understood that Messrs. Hines & Hobbs, in said negotiations, only represented said George H. Cheever, administrator as aforesaid, and the estate of Thomas S. Metcalf, which said latter estate held a considerable number of city

lots in Albany, which were subject to the lien of said judgment; that the agreement for the release of said property was made for the consideration therein stated; that before said contract was entered into, R. N. Ely, Esq., one of defendant's counsel, had a memorandum letter from the records of the Superior Court of Dougherty county, showing that Parmalee & Cheever conveyed to said John M. Dow, on October 15th, 1858, lots of land numbers thirty, thirty-one, fifty, fifty-one, fifty-two and seventy-one in the first district of said county, which was subsequent to said first judgment; that when the agreement was prepared by Messrs. Hines & Hobbs the stipulation was inserted therein releasing the lien of said judgment, not only on the property conveyed to said Metcalf, but also on "all those lots conveyed by W. W. Cheever and C. H. Parmalee to John M. Dow;" that this stipulation would have been rejected had it not been that Charles H. Parmalee was interested therein, and it was considered a small matter from the fact that said lands were of but little value, and there being other property more than sufficient to pay respondent's debt; defendant denies that John M. Dow was a party to said negotiations, or contributed anything, or paid any consideration whatever for the agreement of this defendant to release the lien of said judgment on his property; that said agreement was only intended to cover the lands jointly conveyed by W. W. Cheever and C. H. Parmalee, situate in the county of Dougherty, and set forth in said memorandum; that said contract was not intended to include, and does not include, the lands levied on, for it was then unknown to defendant or his counsel that said lands were ever owned by W. W. Cheever, or that he ever sold them; that said lands lie in Mitchell and not in Dougherty county, and were not conveyed by said Cheever & Parmalee to Dow, but only by W. W. Cheever to said Dow; that defendant is not insolvent; that John M. Dow was never a party to the case of *Kendall vs. Cheever,* administrator, and that no one else but said Cheever, administrator, did or could make any defense thereto; that Messrs. Hines

& Hobbs assured this defendant that said agreement made with said Metcalf, as set forth, did not and would not prevent this defendant from making his money out of any of the property that had been sold by said Cheever since said first verdict, excepting that released by him; that said Hines & Hobbs said that the reason that they had to make said arrangement was to enable them to sell Metcalf's lands in Albany, and that the estate of Metcalf was willing to pay $1,000, to attain this end.

Defendants filed also a demurrer to said bill. The motion for injunction and the demurrer were, by consent, heard together. Affidavits were read sustaining both the bill and answer. The demurrer was overruled and the writ of injunction ordered to issue as prayed for; whereupon defendants excepted, and assigns said rulings as error.

R. N. ELY; VASON & DAVIS, for plaintiffs in error.

HINES & HOBBS; G. J. WRIGHT, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant as the sole heir-at-law of John M. Dow, against the defendant, praying for an injunction to restrain the sale of twenty-six lots of land in the county of Mitchell, which had been levied on as the property of Cheever to satisfy a judgment obtained in favor of Kendall *vs.* Cheever. After hearing the parties on a rule to show cause the Court granted the injunction prayed for in complainant's bill; whereupon the defendant excepted. It appears from the record in this case, that prior to the 11th day of August, 1870, that Kendall, the defendant, had obtained a common law judgment against the administrator of William W. Cheever, which bound the property of said Cheever, for the payment thereof, including the lands now levied on in the county of Mitchell, which lands had been conveyed to Dow, the complainant's intestate, by William W. Cheever, in his lifetime, for a valuable consideration. On the 11th day of August, 1870, Messrs. Hines & Hobbs, the attor-

neys of John M. Dow *et al.*, and Messrs. Vason & Davis, the attorneys of Kendall, entered into a written agreement for the settlement and adjustment of the claims of the respective parties represented by them as attorneys at law in the case stated. The preamble to the agreement recites, after stating the case of John M. Kendall *vs.* William W. Cheever, complaint in Dougherty Superior Court, that whereas, the plaintiff in the above stated case heretofore, to-wit: at the ...... Term, 185..., of the Superior Court of Dougherty county, obtained a judgment at common law against said W. W. Cheever, on which judgment an appeal was entered by said defendant, which is still pending in said Court, and whereas, the lien of said common law judgment is supposed to bind certain property hereinafter set forth." The agreement then provides that in consideration of the payment of $1,000, that the plaintiff may take a verdict for the payment of the last verdict obtained in said cause or dismiss the appeal, as plaintiff's counsel may see fit. In consideration of the payment of $1,000, to be raised and paid as stipulated in the agreement to said plaintiff's attorneys, the said lien of said judgment shall be forever released and satisfied on the following property, to-wit: all that property conveyed by W. W. Cheever to Thomas S. Metcalf by deed which is of record in the Clerk's office in Dougherty Superior Court, city lots forty-two, forty-four and eighty-four, on Broad street, Albany, Georgia, and all those lots conveyed by W. W. Cheever and C. H. Parmalee, to John M. Dow, all of which said deeds are of record. The question in dispute between the parties is, whether by a fair construction of this agreement it was the intention of the parties to it that the lien of Kendall's judgment against the property of W. W. Cheever, in consideration of the payment to him of $1,000, should be released and satisfied as to all the lots of land conveyed by W. W. Cheever, by deed, to John M. Dow, (including the lands in Mitchell county,) or whether it was the intention of the parties to relinquish the lien of Kendall's judgment, only to such lots of land as had been *jointly* conveyed by Cheever and Parmalee to Dow. On the

Kendall *et al. vs.* Dow.

hearing of the motion for the injunction several affidavits were read in evidence to the Court, including the affidavits of the attorneys who made the agreement as to what was the meaning placed on the contract by the parties, and understood by them, at the time it was made, under the provisions of the 2714th section of the Code. Upon this point in the case the evidence was *conflicting.*

It was manifestly the intention of the parties to release and satisfy the plaintiff's judgment lien on Cheever's property, and the words of the agreement are broad enough to cover all the lots of land conveyed by Cheever to Dow by deeds, then of record, as well as all the lots conveyed by Parmalee to Dow by deeds of record, unless it was the intention and understanding of the parties at the time that the release of the lien of the plaintiff's judgment should only extend to such lots of land as were conveyed *jointly* by Cheever and Parmalee to Dow. Parmalee does not appear to have been a party to the suit which was the subject matter of the settlement. The subject matter of the settlement was the release and satisfaction of the plaintiff's judgment lien against the property conveyed by Cheever, and if it was the intention and understanding of the parties to the agreement that the relinquishment of the plaintiff's judgment lien should be *restricted* and confined only to such lots of land as were *jointly* conveyed by Cheever and Parmalee, that is a question of evidence which should be submitted to the jury on the final hearing of the cause.

In our judgment, the words of the agreement, when considered in relation to the subject matter of it, do not *necessarily* require the construction insisted on by the plaintiff in error. In view of the statement of facts alleged in the complainant's bill, her remedy in a Court of law would not be as adequate .and complete as in a Court of equity; it will prevent a multiplicity of suits by quieting the title to a number of lots of land by one final decree, and remove a cloud from her title, if the allegations in her bill be true.

Let the judgment of the Court below be affirmed.