### COLEY v. HORKAN; *et vice versa.*

1. Exceptions pendente lite, upon which no error is assigned in the main bill of exceptions, and upon which counsel make no assignment before the argument of the case, can not be considered by this court.
2. The location of a dividing line between coterminous landowners by the statutory proceeding of processioning is not a necessary preliminary to an action to enjoin an alleged trespass, notwithstanding such disputed line must be ascertained in determining whether the trespass was committed on the plaintiff's land as described in the petition.
3. The evidence supports the verdict.

JULY 11, 1917.

Equitable petition. Before Judge Cox. Worth superior court. May 27, 1916.

*J. J. Forehand,* for plaintiff in error in main bill of exceptions.

*Perry & Williamson,* contra.

EVANS, P. J. The plaintiff brought an action to enjoin the defendant from trespassing upon lot 108 in the 7th district of Worth county. The defendant filed a plea, a portion of which was stricken on demurrer. The jury returned a verdict for the plaintiff, and the defendant made a motion for new trial. The plaintiff moved to

dismiss the motion for new trial, because a brief of evidence had not been filed pursuant to law. The court refused to dismiss the motion, and, after hearing it, denied a new trial. The defendant took a bill of exceptions complaining of the judgment denying a new trial, and the plaintiff took a bill of exceptions complaining of the refusal of the court to dismiss the motion for new trial because a brief of evidence was not filed in time.

1. Exceptions pendente lite were taken by the defendant to the judgment striking a portion of his plea, but no assignment of error is made in the main bill, of exceptions on the pendente-lite bill. For this reason the judgment striking the plea on demurrer can not be reviewed. *Stover* v. *Adams,* 114 *Ga.* 171 (39 S. E. 864).

2. It appeared from the evidence that the main issue in controversy was the location of the line between lots 108 and 107. The various grounds of the motion for new trial are based upon the theory that such an issue can not be tried without first having a line established by processioners. The location of a dividing line between coterminous landowners by the statutory proceeding of processioning is not a necessary preliminary to the enjoining of an alleged trespass upon the land to which the complaining party claims title. The remedy of processioning is intended only to settle a line between coterminous owners, and is not a substitute for an action to try title to land or to enjoin a trespass on land. An owner of land upon which a trespass has been committed may proceed directly against the trespasser; and if on the trial of the case it develops that a trespass has been committed upon the land described in the petition, and there are other facts showing the right of the plaintiff to an injunction against the trespasser, the plaintiff is entitled to a verdict enjoining such trespasser, although he may not previously have pursued the statutory remedy of processioning.

3. The verdict is supported by the evidence; and as the judgment is affirmed on the bill of exceptions complaining of the overruling of the motion for new trial, it becomes unnecessary to consider the bill of exceptions complaining of the refusal to dismiss the motion for new trial. On the bill of exceptions complaining of the overruling of the motion for new trial, the judgment is

*affirmed.* The bill of exceptions complaining of the refusal to dismiss the motion for new trial is *dismissed.*

*Judgment affirmed. All the Justices concur.*