### COCHRAN *et al. v.* STEPHENS.

1. As against a general demurrer the petition stated a cause of action against two of the defendants, but not against the other three.
2. The suit may properly proceed against the two defendants first referred to, for damages from breach of contract. The names of the other three parties defendant, the irrelevant matter pointed out by the special de-

26

murrer, and the allegations and prayers relating exclusively to injunction and equitable relief should be stricken.

No. 316. NOVEMBER 17, 1917.

Equitable petition. Before Judge Harrell. Dougherty superior court. April 6, 1917.

*T. H. Milner, W. H. Beckham,* and *R. D. Smith,* for plaintiffs in error.

*R. J. Bacon, R. H. Ferrell,* and *Cruger Westbrook,* contra. .

GEORGE, J. On the 25th day of September, 1915, J. E. Cochran, of Tift county, and J. R. Beckham, of Dougherty county, entered into a written contract with A. H. Stephens. The material terms of the contract were: Cochran and Beckham agreed to pay Stephens one dollar per thousand feet for all lumber and ties cut and shipped from certain lands of Cochran and Beckham, located in Berrien county, Georgia, for a period of three years, or longer in certain events, in consideration of the services of Stephens in placing sawmills on the lands and in looking after the operation of the same, and selling the output manufactured from the timber. The mills were to be placed upon the land and contracts made with them for the account of Cochran and Beckham. Stephens was to have the absolute control of the operation of the mills until all of the timber was cut from the lands, and his control was to include the selling of all lumber at best market prices and the making of all collections. Stephens was to pay, on the first day of each month, to the owners the difference between the cost of manufacturing, plus his commissions of one dollar per thousand feet, and the selling price obtained for the lumber; any sale of the land and timber to be made subject to the agreement. On April 8, 1916, Stephens filed suit against Cochran and Beckham, and against Griffin, Wimberly, and Woodward. The petition, after averring the execution of the foregoing contract, alleged in substance as follows: The plaintiff, in compliance with the terms of the contract, procured Griffin and Wimberly to place sawmills on the lands of Cochran and Beckham, and to commence cutting the timber. Originally the timber would cut 7,500,000 feet, and Griffin and Wimberly had already cut approximately 500,000 feet. Petitioner in behalf of Cochran and Beckham made a contract with Griffin and Woodward to kiln-dry and dress the output of the mill operated by Griffin and Wimberly. ' Petitioner procured a right of way between the lands of Cochran and Beck-

ham and the A. C. L. Railroad Company, a distance of three miles, and caused the laying by the railroad company of a spur-track from its line to the timber. In order to induce this company to lay its track to the timber, petitioner entered into a personal bond, with security, to indemnify the railroad company against certain losses. The cost of procuring the right of way was charged to the operating expenses of the sawmill, but petitioner expended, of his personal funds, at least $600 in complying with his obligations under the contract. By reason of the fact that petitioner was to have the exclusive control of the output of the mill, he had assumed liability as indorser on a $2000 note for the defendant Beckham, at a named bank, and only $350 had been paid upon said note. Cochran and Beckham are attempting to breach the contract aforesaid, and are threatening to interfere with the rights of petitioner thereunder. They are disposing of the manufactured product of said mills, and instructing Wimberly, Griffin, and Woodward to disregard the orders of petitioner, and are preparing to exclude petitioner from his rights and interests under the contract, and are already committing acts and causing and procuring others to commit acts inconsistent with his rights under the contract. Cochran and Beckham are permitting the timber to be turpentined on the lands, and in such a manner as to interfere with and prevent petitioner from cutting the timber into lumber. The operation of cars over the track laid by the railroad company, except under the direction and control of petitioner, might create against him a liability upon his bond to said company. The petition did not allege that Wimberly, Griffin, and Woodward were conspiring with Cochran and Beckham, nor in what manner, if any, they were interfering with or attempting to interfere with the rights of petitioner. Nor did it allege the insolvency of any defendant. The prayers of the petition, from one to seven inclusive, asked for an injunction against the defendants and each of them, restraining them "from any interference with the full, free, and uninterrupted acts of this petitioner in the exercise of his contractual rights and performance of his contractual obligations as set forth in this petition." The eighth prayer was for judgment against Cochran and Beckham for $7,000.

1. We hold, that, as against a general demurrer, the petition set forth a cause of action against Cochran and Beckham for dam-

age for breach of contract; but that it did not set out a cause of action against Griffin, Woodward, and Wimberly; and that the court erred in overruling the defendants' timely special demurrer which had for its grounds the following: (1) Misjoinder of parties defendant to the suit. (2) The allegation in the eighth paragraph of the petition, to the effect that plaintiff had incurred liability as indorser on the personal note of the defendant Beckham, sets up a purely voluntary and irrelevant undertaking on the part of the plaintiff. (3) The allegations of the petition do not entitle the plaintiff to the equitable relief sought, at all events in the absence of a charge that the defendants are insolvent, and that the damages are irreparable.

2. It follows from the foregoing that while the suit may properly proceed against Cochran and Beckham for damage for the breach of contract, the defendants Griffin, Woodward, and Wimberly should be stricken therefrom, as well as the irrelevant matter contained in the eighth paragraph of the petition, all prayers for injunction and equitable relief, and allegations of fact relating exclusively thereto.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Fish, C. J., absent.*