## LAVENDER *v.* SHACKELFORD.

In equity cases the judge may in his discretion apportion the costs between the parties.

In view of the facts alleged in the petition and the nature and character of the relief therein prayed, the plaintiff's suit was in equity, and it does not appear that the court abused its discretion in apportioning the costs equally between the parties.

Where the judge in vacation enters an order making an auditor's report the judgment of the court and taxing the costs against the defendant in the case, under general order granted in term authorizing the judge to enter final judgment in vacation, the judge has authority in vacation to entertain a motion to retax the costs.

No. 2400. DECEMBER 14, 1921.

Taxation of costs. Before Judge Cobb. Jackson superior court. December 22, 1920.

R. M. Lavender filed in the superior court of Jackson county a petition against G. O., Henry, T. J., and F. C. Shackelford, alleging in substance the following: The plaintiff and the defendants owned adjoining tracts of land (which were held by the plaintiff and the defendants under a common grantor). A dispute arose between the plaintiff and the defendants as to the location of the boundary line between the two tracts. Upon application of the plaintiff to the processioners of the district in which the lands were located, a line was run purporting to separate the two tracts, and a report was filed by the processioners with the ordinary of the county. (A copy of the report is attached to the petition in the present case.) After the filing of the report the defendants, acting in accordance with the report, went upon and took charge of two strips of land lying near the boundary line. Plaintiff contends that he is the true owner of these strips. He alleges the acts of the processioners to be void for the following reasons: There was no written petition filed with the report of the processioners, showing authority to act, nor anything upon which to base their actions; it does not appear that the processioners took legal oath before acting; they ignored a well-defined line called for in defendants' deed; they disregarded natural landmarks and ran an arbitrary line; "instead of having the survey made by the county surveyor, . . they had present and participating a surveyor employed by the defendants;" the two strips of land had nothing to do with the line in dispute; the processioners changed the possession of land instead of establishing a line; they summoned witnesses, and heard evidence (oral and documentary) and argument of defendants' counsel; in fact the processioners acted in the manner of a court, except that defendants' counsel directed the entire proceedings and made out the report of the processioners. Two of the defendants are residents of Jackson county, and the other two of Clarke county, Georgia, and all are interested parties. Unless restrained, the defendants will cut timber, build houses, and otherwise trespass upon said two strips of land. Plaintiff prayed for the recovery of the two strips, for the establishment of a dividing line between the land of plaintiff and defendants; for a temporary and per-

manent injunction to prevent the defendants from interfering with the plaintiff's land, from filing the report of the procession-,ers, and from taking judgment thereon; also for process and general relief.

Upon the presentation of the petition the judge granted an order restraining the defendants as·prayed. G. O. Shackelford filed an answer alleging that he was the sole owner of the tract of land adjoining that of the plaintiff, and that the line marked out by the processioners was the true and agreed line between the lands of the plaintiff and the respondent. He further alleged that he was a resident of Wilcox county, Georgia, and that the superior court of that county alone had jurisdiction to determine the questions made by the petition. The other defendants filed an answer denying the allegations of the petition. By consent of the parties the case was referred to auditors, one of them being a surveyor, to hear and determine all questions of law and of fact involved, with authority to establish the dividing line between the plaintiff's and defendants' lands; the report of the auditors to be made the judgment of the court and final between the parties. In due course the auditors made and filed their report. They found that the processioners had complied substantially with the law, and that their report was prima facie correct. The dividing line, as found and reported by the auditors, coincided in part with the line reported by the processioners.

By virtue of an order granted in term, the court entered an order in vacation making the report of the auditors the judgment of the court, and adjudging that the plaintiff recover of the defendants the costs in the case. Thereafter, and in vacation, the defendant G. O. Shackelford filed a motion to retax the costs; and after notice to the plaintiff and hearing on the motion, the judge entered an order retaxing the costs, one half against the plaintiff and one half against the defendant. To this order the plaintiff excepted.

*John J. Strickland,* for plaintiff in error.

*Thomas J. Shackelford,* contra.

GEORGE, J. (After stating the foregoing facts). Two questions are made: First, whether the suit is one at law or in equity; and second, if in equity, whether the judge had authority in vacation to reopen the judgment and to retax the costs. In an

action at law, " the party who shall discontinue, fail, or be cast "
in the suit shall be liable for the costs thereof. Civil Code
(1910), § 5980. In an equity case, " Special verdicts may be
found by the jury, and they may recommend to the court the
assessment of costs upon the respective parties. It is the province
of the judge, however, to determine upon whom the costs shall
fall." Civil Code (1910), § 5423. " It has been held many
times that under this provision of law the judge has a discretion
as to the apportionment of costs between parties." *Lowe* v. *Byrd,*
148 *Ga.* 388, 393 (96 S. E. 1001). In determining whether a
suit is one at law or in equity, the court will look to the facts
alleged rather than to the conclusions of the pleader. If upon
the facts alleged the plaintiff has an adequate remedy at law,
the action is at law, though characterized by the pleader as a suit
in equity. In the instant case the plaintiff styles his suit as one
in equity. He prays for extraordinary equitable relief — in-
junction against trespass and waste, the filing of the report of
the processioners, and the making of the report the judgment
of the court. Looking to all the facts alleged by the plaintiff
and the nature and character of the relief sought, we are of the
opinion that the learned trial judge rightly concluded that the
case was one in equity. While it is true that generally courts of
law are the proper tribunals for the establishment of disputed
boundary lines, this court in the recent case of *Georgia Peruvian
Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150 (108 S. E. 609),
held that a court of equity will interpose to ascertain boundaries
where, in addition to a naked dispute concerning boundaries,
there is some peculiar equity which has arisen from the contract,
situation, or relations of the parties. It must be borne in mind
that a superinduced equity must exist between the plaintiff and
the defendant, to give equity jurisdiction of a boundary dis-
pute; and that an equity in favor of the plaintiff against other
persons is not sufficient. The prevention of a multiplicity of
suits in the case just cited was recognized as a ground of equitable
jurisdiction which will give courts of equity jurisdiction in a
boundary dispute. The rule last stated is not, however, universal
in its application. If it be conceded that the present case does
not fall within the rule recognized in the case last cited, supra,
nevertheless the added allegations of fact and the nature and

character of the relief authorized by the facts as alleged and as prayed in the petition make the case one in equity. In view of the auditors' finding it can not be held that the court abused his discretion in apportioning the costs. See *Lowe* v. *Byrd*, supra; *Armstrong* v. *American Nat. Bank*, 149 *Ga.* 165 (99 S. E. 884).

On the second question: The bill of exceptions recites that a general order was duly entered in term time, authorizing the judge in vacation to enter final decree or judgment in the cause, but the general order referred to is neither specified nor sent up in the record. Under similar circumstances, this court in *Laramore* v. *McKinzie*, 60 *Ga.* 532, assumed that the full record of the suit in which the judgment or decree was made would show, if present, that some regular order was taken in term providing for making the finding of the award the judgment of the court at chambers. We do not rest our decision alone upon the ruling made in that case. There is in the record (bill of exceptions) enough to show that a general order was taken in term time, authorizing the judge to enter a final judgment in the cause in vacation. The taxing of costs is properly a matter for final judgment, and the order was authority to entertain and determine in vacation the motion to retax the costs.

*Judgment affirmed. All the Justices concur.*