## FIREMAN'S FUND INSURANCE COMPANY *v.* THOMAS.

No. 9554. JULY 14, 1933.

428

*Smith, Smith & Bloodworth, C. M. McClure,* and *W. L. Bryan,* for plaintiff.

*A. S. Skelton,* for defendant.

GILBERT, J. This case was decided on June 16, 1933. The Insurance Company filed a motion for rehearing, making the point that, on the decision as rendered, the court had no jurisdiction. The court construed the action as one seeking both a legal and an equitable remedy. The briefs of the plaintiff in error so treated the case. The petition itself contains the allegation: "Under the terms of its said policy, . . and under the principles of equity, the plaintiff, upon payment to the defendant of the amount of his loss and damage, under the policy, became *legally and equitably* [italics ours] subrogated to any and all rights or causes of action then existing in favor of the defendant against the Georgia Power Company." That allegation was contained in each of the three counts. However, since the filing of the motion for a rehearing the petition has been re-examined, and we find that the prayers had not received their due consideration. The only prayer in the petition is at the conclusion of the third count, and is as follows: "Wherefore petitioner prays that process do issue, requiring the said defendant to be and appear at the next term of the said court to answer this complaint, and that petitioner do have and recover judgment against the said defendant for the sums due as aforesaid."

"It is well settled in this State, that, in determining the question whether a case is one at law or in equity, the nature of the relief sought, rather than the form of the allegations of the complaint, is important. So while some of the allegations of the petition are appropriate to a proceeding in equity, the general scope and only prayer thereof seek legal relief." *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393, 395 (125 S. E. 844); *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272). The suit is based solely upon the contract of insurance. The prayers of this petition consist of a prayer for process and for judgment, purely a common-law prayer, there being nothing therein to suggest that equitable relief is sought. Therefore, after second consideration, we construe the petition as one not seeking equitable relief, but purely a proceeding at law, of which this court has no jurisdiction. Accordingly, our former judgment is vacated, and the case is transferred to the Court of Appeals.

430

*So ordered. All the Justices concur except Beck, P. J., and Atkinson, J., who dissent, and Hill, J., absent for providential cause.*

BECK, P. J. Considering all the allegations of the petition in this case, in connection with the prayers, I am of the opinion that this is an equitable cause, and jurisdiction should be retained by this court. I therefore dissent from the judgment transferring it to the Court of Appeals. Mr. Justice Atkinson concurs in this dissent.