20752. DAWSON *v.* ALTAMAHA LAND COMPANY *et al.*
20763. SAVANNAH RIVER LUMBER COMPANY *v.* ALTAMAHA LAND COMPANY *et al.*

SUBMITTED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

*Perry Brannen, J. T. Grice,* for plaintiff in error (case No. 20752.)

*Bennett, Pedrick & Bennett, Blalock & Blalock, Bouhan, Lawrence, Williams, Levy & McAlpin, Morris & Morris,* contra.

*Morris & Morris, Basil Morris, Archibald L. Morris,* for plaintiff in error (case No. 20763).

*Bouhan, Lawrence, Williams, Levy & McAlpin, Alex A. Lawrence, Bennett, Pedrick & Bennett, Larry E. Pedrick, Blalock & Blalock, J. T. Grice, J. D. Blalock, Brannen, Clark & Hester,* contra.

ALMAND, Justice. Altamaha Land Company on July 15, 1957, brought suit in the Superior Court of Chatham County against Savannah River Lumber Company, a corporation having its principal office in Chatham County. The petition alleged: that the plaintiff is the owner in fee simple and is in possession of certain described lands in Long County, Georgia, (a description of the lands and abstract of title showing that petitioner has had a written record chain of title to said lands for more than forty years prior to bringing the suit being set out in the petition); that these lands were primarily held and devoted to the purposes of propagating, protecting, and conserving game and fish, for the pleasure of its members, the lands being peculiarly suited to these purposes; that the defendant owns the lands southwardly and adjoining the lands of the petitioner; that the defendant disputes the petitioner's boundary line, and has caused a survey to be made that erroneously shows such line (a copy of said survey being attached to the petition); and that the defendant, acting through its agents, servants, and associates, has put "No Trespassing" signs on the petitioner's property, has hunted and fished thereon, and sold and leased hunting and fishing privileges to others, has seized boat landings belonging to the petitioner, has cut timber from the land, has interfered with the petitioner's enjoyment of the land, and has depleted the game and fish, and prevented their propagation and increase. The petition further alleged that the timber cut was of varying sizes; and that it is impossible to calculate the damages sustained, the trespasses being continuous from day to day. The prayers were for an injunction against the continuing trespasses and interferences with the petitioner's use and enjoyment of its land; for a judgment declaring the petitioner's rights in and to certain lakes or sloughs which may be included partly on the lands of the plaintiff and partly on the lands of the defendant, and enjoining the defendant from interfering with the plaintiff's rights therein; and for a judgment for $10,000 or other sum for the value of the timber removed from said land by the defendant.

The petition was amended by the plaintiff on January 10, 1958, by an amendment in the nature of an ancillary bill in equity, praying that the defendant be restrained from further pursuing a statutory processioning proceeding instituted by it in Long County, Georgia, for the purpose of marking the disputed boundary line between the lands of the plaintiff and those of the defendant, said action being initiated subsequently to the filing of the instant suit in Chatham County. The trial court by an order of January 10, 1958, temporarily restrained the defendant as prayed, and by order of January 22, 1958, kept the restraining order in full force and effect until further order of the court.

A second amendment was filed on February 6, 1958, for the purpose of making Ralph L. Dawson, a resident of Long County, Georgia, a party defendant to the suit. It was therein alleged that Dawson was an associate of and joint tortfeasor with the original defendant in the acts of trespass against the plaintiff's land; and that, subsequently to the bringing of the pending suit, he had purportedly purchased the lands described in the petition from the original defendant with actual knowledge that said lands were involved in the pending action. The court issued a rule nisi against Dawson and on June 9, 1958, overruled his objections to the joinder, and ordered him made a party defendant with sufficient time as provided by law to file his demurrers, pleas and answers to the action.

The defendants, in separate bills of exceptions, have assigned error on the judgments of the trial court overruling their demurrers to the petition; and on the order joining the defendant Dawson as a party defendant to the action. The original defendant further assigns error on the orders restraining it from further pursuing the processioning proceeding in Long County. The assignments of error and contentions of the parties are substantially the same, and will be considered together in one opinion.

■ The defendants' general demurrers attack the jurisdiction of the Superior Court of Chatham County to entertain the present suit. It is their contention that the court erred in overruling their general demurrers, for the reason that the petition shows on its face that the court is without jurisdiction of the cause in that this is a case respecting title to land located in Long County, and

under art. 6, sec. 14, par. 2 of the Constitution of 1945 (Code § 2-4902), the action must be brought in the county where the land is located. The defendant Dawson also contends that, since he is a resident of Long County, the Superior Court of Chatham County does not have jurisdiction over him.

While the instant petition is predicated upon the ownership by the plaintiff of certain described lands upon which the defendants allegedly committed acts of trespass, and of necessity requires the ascertainment and establishment of the boundary line in controversy, looking to the facts alleged by the plaintiff and the nature and character of the relief sought, we are of the opinion that this is a case in equity seeking injunctive relief against trespass to land, and involving the determination of a disputed boundary line, which a court of equity, under the alleged circumstances of this case, has a right to adjudicate. See *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.*, 152 *Ga.* 150 (108 S. E. 609); *Lavender* v. *Shackelford*, 152 *Ga.* 363 (110 S. E. 1); *Calhoun* v. *Edwards*, 202 *Ga.* 95 (4) (42 S. E. 2d 426). It follows that this is not a case respecting title to land within the venue provisions of art. 6, sec. 14, par. 2 of the Constitution of 1945 (*Payne* v. *Terhune*, 212 *Ga.* 169, 91 S. E. 2d 348; *Anderson* v. *Black*, 191 *Ga.* 627, 631, 13 S. E. 2d 650; *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (5), 52 S. E. 439); and the case was properly brought in the county of the residence of a defendant against whom substantial equitable relief is prayed, as required by art. 6, sec. 14, par. 3 of the Constitution of 1945 (Code § 2-4903). See also art. 6, sec. 14, par. 4 of the Constitution (Code § 2-4904). The court did not err in overruling the general demurrers of both defendants.

We have carefully examined the special demurrers of the original defendant and likewise find them to be without merit.

The petition as originally filed by the plaintiff alleged that the defendant, its agents, servants, and associates had committed repeated and continuous acts of trespass to the plaintiff's land. The amendment seeking to make Ralph L. Dawson a party defendant to the action alleged that, during the four years preceding the bringing of the suit, Dawson had been an active associate and confederate of the defendant in the acts of trespass

alleged in the petition. The amendment specifically charged that Dawson, under some arrangement with the defendant and with its co-operation and agreement, has himself hunted and fished on the land, and has caused permits to be issued to others to do so; has kept boats on said premises, and encouraged and permitted others to do likewise; and has damaged the plaintiff by the destruction of the game and fish on said property. The plaintiff prayed that Dawson be made a party defendant; and that, on the final trial of the cause, he along with the original defendant, its agents, servants, and associates, be enjoined from committing the alleged trespasses on the plaintiff's land.

These allegations of the petition as amended are sufficient to show that Dawson, as a joint trespasser with the original defendant, could have been joined as a necessary and proper party defendant to the action in the first instance. Therefore, under Code § 37-1005, which provides: "Any person claiming equitable relief may make all necessary parties to secure equitable relief, either at the beginning of his suit or afterwards by amendment," the court properly joined Dawson as a party defendant to this action. See *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (3); *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150, 155, supra; *Benton* v. *Turk,* 188 *Ga.* 710 (6) (4 S. E. 2d 580).

Under the view we have taken of the case, it is unnecessary to consider the allegations concerning the purchase of the land by Dawson from the original defendant while the suit was pending in the court below. Both defendants are properly before the court at this time, and it is immaterial as to which claims ownership of the land upon which the alleged acts of trespass were committed. In order to secure the injunctive relief ultimately sought on the final trial of the case, the plaintiff must establish ownership of the land in controversy to be in itself.

The court did not err in overruling the numerous objections of the defendant Dawson to his joinder in the action, and in making him a party defendant.

■ The ascertainment and establishment of the boundary line between the lands of the plaintiff and those allegedly owned by the original defendant at the time this equitable suit was brought, being among the issues properly before the court, the court did not err in the exercise of its equitable powers in restrain-

ing that defendant from further pursuing the statutory processioning proceeding which was initiated subsequently to the institution of the present suit and was for the purpose of marking the same boundary line which is involved in this case. See *Coley* v. *Horkan,* 147 *Ga.* 148 (93 S. E. 81); *McGill* v. *Dowman,* 195 *Ga.* 357 (24 S. E. 2d 195); *Bishop* v. *Brown,* 138 *Ga.* 771 (3) (76 S. E. 89); *Markham* v. *Angier,* 57 *Ga.* 43, 46; *Kendall* v. *Dow,* 46 *Ga.* 607 (2).

The judgments of the trial court under review in cases Nos. 20752 and 20763 are

*Affirmed. All the Justices concur.*