S91A0951. BEAUCHAMP et al. v. KNIGHT et al.

(409 SE2d 208)

HUNT, Justice.

This interlocutory appeal, transferred to us by the Court of Appeals, involves the question of venue where equitable relief is sought in conjunction with a boundary-line dispute and, less directly, the question of appellate jurisdiction in such a case.

The parties are owners of contiguous property in Crisp County. Beauchamp is a resident of Dougherty County. When Knight brought this action, Beauchamp moved it be transferred to the county of Beauchamp's residence on the ground that the case was essentially one in equity. The trial court held that Knight's claim, which sought removal of a fence and ejectment of Beauchamp from the disputed strip, was neither boundary-line nor equity but was an action respecting title to land. It held venue was properly in Crisp County, where the land is located, and denied the motion to transfer. Georgia Const. 1983, Art. VI, Sec. II, Par. II. We reverse.

---

1. Because neither party contests the validity of the other's title, this is not a suit to establish title in a court of equity. *Payne v. Terhune*, 212 Ga. 169, 170 (91 SE2d 348) (1956); *Dawson v. Altamaha Land Co.*, 215 Ga. 700, 703 (113 SE2d 129) (1960). Therefore venue was not in Crisp County, but in Dougherty County, and the motion to transfer should have been granted. Dougherty would be the proper forum whether the claim is, as Beauchamp contends, an equity case, or whether it is, as we perceive it, simply a boundary-line dispute. Georgia Const. 1983, Art. VI, Sec. II, Pars. III and VI.

2. The Court of Appeals transferred this case to us on the ground that it was an equity case. Georgia Const. 1983, Art. VI, Sec. VI, Par. III (2) provides that the Supreme Court shall have appellate jurisdiction in "all equity cases." Whether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the *issue* raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint. That is, "equity cases" are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court — whether that relief was granted or denied. Cases in which the grant or denial of such relief was merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues of law were resolved, are not "equity cases."

In *Krystal Co. v. Carter*, 256 Ga. 43, 44 (2) (343 SE2d 490) (1986), we pointed out:

> The Court of Appeals long ago correctly assessed the rote invocation of jurisdictional words found in our constitution. (Relative to appeals which seek to raise the constitutional issue, see *Fews v. State*, 1 Ga. App. 122 (58 SE 64) (1907); *Cox v. State*, 19 Ga. App. 283 (91 SE 422) (1917).) "To hold that the Court of Appeals must lose jurisdiction over [such cases] . . . would be practically to enable any litigant . . . to select the appellate forum in which he might prefer his case to be determined." [Cit.]

See also *Baranan v. Ga. State Bd. of Nursing Home Admrs.*, 239 Ga. 122, 123 (236 SE2d 71) (1977), which we transferred to the Court of Appeals, holding:

> It is clear therefore that the injunction issue is one of mere form and that the substantive question on appeal is a legal question over which the Court of Appeals has appellate jurisdiction.

There is no substantive issue of equity in this interlocutory appeal. In whatever context, the interlocutory issue of venue is within

the jurisdiction of the Court of Appeals.[1]

Boundary-line cases are likewise within the province of the Court of Appeals. *Colley v. Dillon*, 247 Ga. 4 (273 SE2d 606) (1981). Rarely does a boundary-line dispute exist in which equitable relief is not sought, but such relief is incidental to and secondary to the principal issue — the location of the line.

For the reason stated in Division 1, the judgment of the trial court is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

*Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellants.
*Culpepper, Pfeiffer & Harpe, Clifford W. Harpe, Jr.*, for appellees.

---

[1] We did not transfer this case back to the Court of Appeals for reasons of judicial economy and in order to reaffirm our earlier holdings that declare such appeals to be beyond our appellate jurisdiction. See, e.g., *Douglas-Guardian Whse. Corp. v. Todd*, 212 Ga. 791 (96 SE2d 275) (1957) (test of whether a case is one in equity is not what it might have been at any given time but what remained in it for review); *Regal Textile Co. v. Feil*, 189 Ga. 581 (6 SE2d 908) (1940) (where case begins as case in equity, and equitable features become eliminated, Supreme Court has no jurisdiction); *Fireman's Fund Ins. Co. v. Thomas*, 177 Ga. 427 (170 SE 222) (1933) (whether action is law or equity is determined by the nature of relief sought, not form of allegations in complaint); *Cochran v. Stephens*, 147 Ga. 401 (94 SE 303) (1917) (jurisdiction of Supreme Court lost where equitable prayers stricken by amendment).

In more recent years, we occasionally have departed from our prior interpretations, and have decided direct appeals in cases seeking equitable relief in disputes relative to contracts to sell land, where the only issues on appeal were issues at law, as opposed to issues in equity. Such cases have involved the question of acceptance or rejection of the contract, and the adequacy of legal description, e.g., *Johnson v. Sackett*, 256 Ga. 552 (350 SE2d 419) (1986); or the applicability of the rule against perpetuities to an option, e.g., *Hornsby v. Holt*, 257 Ga. 341 (359 SE2d 646) (1987).

It is apparent that the equitable aspects of such cases were unimportant to the issues raised on appeal, and that the equitable relief sought was ancillary only, or a matter of routine. It is equally apparent that under the rule we reaffirm by this opinion, neither of the two cited cases would properly be brought to this court on direct appeal.