A02A2346. DOVER et al. v. BOWCOCK.
(578 SE2d 559)

MIKELL, Judge.

In this declaratory judgment action between adjoining landowners, the trial court granted summary judgment to plaintiff John O. Bowcock, Jr., on his claim that he was entitled to an easement across Vicki G. Dover's property for the purpose of connecting to a sewer

line. The court also granted summary judgment to Bowcock on Ben H. Dover, Jr., and Vicki Dover's counterclaims for trespass, quiet enjoyment, ejectment, slander, emotional distress, loss of consortium, and attorney fees. However, the court denied Bowcock's motion on the counterclaim for damages to Vicki Dover's property caused by Bowcock's maintenance of the easement. The Dovers appeal the grant of partial summary judgment to Bowcock and the denial of their motion for summary judgment. We affirm.

1. The Dovers first argue that venue was improper in Monroe County and that the trial court lacked personal jurisdiction over them. The record shows that the properties at issue lie in Monroe County, while the Dovers reside in Butts County. Bowcock argues that the instant action is one respecting title to land, such that venue is in the county where the land lies.[1] The Dovers claim that because the boundary lines are undisputed, and the action seeks the declaration of an easement, it is not one "respecting title to land." Thus, the Dovers claim, the action sounds in equity, and Georgia law provides that "[e]quity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed."[2] Pretermitting the validity of the Dovers' position, their challenges to personal jurisdiction and venue have been waived.[3] The Dovers stipulated to the court's jurisdiction and venue in a supplemental brief filed in support of their motion for summary judgment. Therefore, this assertion is meritless.

2. Next, Ben Dover argues that the trial court should have granted his motion for summary judgment because he is not a real party in interest. Dover misconstrues OCGA § 9-11-17 (a), which provides that "[e]very action shall be *prosecuted* in the name of the real party in interest."[4] The statute applies when a defendant has been sued by the wrong plaintiff. Apparently, Dover's true objection is that he is not a proper *defendant* against whom relief could be sought because he did not own the real property at issue, having transferred title to Vicki Dover in 1989. Again, this argument is without merit. In his complaint, Bowcock alleged that Ben Dover had trespassed by intentionally damaging the sewer line on Bowcock's property, among other things. These allegations are sufficient to show that Ben Dover could have been joined as a proper party defendant had he not been so named originally.[5]

---

[1] Ga. Const. of 1983, Art. VI, Sec. II, Par. II.

[2] Ga. Const. of 1983, Art. VI, Sec. II, Par. III; OCGA § 9-10-30.

[3] See OCGA § 15-1-2 (defense of lack of personal jurisdiction may be waived); *Ledford v. Bowers*, 248 Ga. 804, 807 (2) (d) (286 SE2d 293) (1982) ("both jurisdiction of the person and venue can be conferred by consent").

[4] (Emphasis supplied.)

[5] See, e.g., *Dawson v. Altamaha Land Co.*, 215 Ga. 700, 704 (2) (113 SE2d 129) (1960) (joinder of a necessary party); OCGA § 9-11-19 (a).

3. Finally, the Dovers argue that a question of fact remains on the issue of whether Bowcock had been granted a sewer easement pursuant to certain agreements and deeds of record.

> The interpretation of the language in a deed is generally a question of law unless it is so ambiguous that the ordinary rules of construction cannot resolve the ambiguity. The cardinal rule of construction is to ascertain the intention of the parties. The mere existence of two possible interpretations to a deed or contract does not automatically transform the issue into a jury question; the judicial responsibility of a court is higher than that of mere referee. Construction of ambiguous deeds is the duty of the court, and only if ambiguity remains after application of the pertinent rules of construction will extrinsic evidence be admissible to explain the ambiguity.[6]

The record in the case at bar contains an agreement recorded in 1981 between Ben Dover and Bowcock whereby Dover purchased the parcel currently owned by his wife and expressly granted to Bowcock "the right to cross the above described property for purpose of connecting to water and sewer lines now located on said property." Another agreement recorded in 1977 required a prior owner of the adjacent parcel, Hiram Harbuck, to construct a sewer line and to grant to the predecessor in title to the parties in this case "a written easement in recordable form, to tie on to said sewer line." Harbuck testified by affidavit that when he built the sewer line in 1978, Monroe Properties, Inc., owned the adjacent property now owned by Vicki Dover; that the 1981 agreement gave Monroe Properties the right to tie onto the sewer line on Harbuck's parcel; and that the agreement further granted to Bowcock the right to cross the Monroe parcel to connect to the sewer line. Dover has presented no evidence to refute the agreements or affidavits. Accordingly, the trial court did not err in determining as a matter of law that the parties intended to create an easement.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 25, 2003.

*William A. Fears*, for appellants.

---

[6] (Citations and punctuation omitted.) *Young v. Faulkner*, 217 Ga. App. 321-322 (2) (457 SE2d 584) (1995).

*Haygood, Lynch, Harris, Melton & Watson, C. Robert Melton*, for appellee.