# Court of Appeals
# of the State of Georgia

ATLANTA,  October 04, 2013

*The Court of Appeals hereby passes the following order:*

## A13A2370.   MICHAEL RANDY JOHNSON, et al. v. TROY JAMES JOHNSON, et al.

Troy James Johnson, et al., filed suit against his brother Michael Randy Johnson, et al., seeking to set aside warranty deeds concerning certain real property. The plaintiffs alleged, generally, that Defendant Randy Johnson had fraudulently caused a May 2004 deed conveying the property to Plaintiff Troy Johnson to remain unrecorded, while also securing several subsequent deeds purporting to convey the same property to other individuals. The trial court granted partial summary judgment to the plaintiffs, finding that because Plaintiff Troy Johnson had possession of the 2004 deed, it was constructively delivered within the meaning of OCGA § 44-5-42. The defendants then filed this appeal.

Jurisdiction over this appeal appears to lie in the Supreme Court, which has general appellate jurisdiction over "[c]ases involving title to land" and "[a]ll equity cases." See Ga. Const. of 1983, Art. IV, Sec. VI, Par. III (1) and (2). The Supreme Court's title-to-land jurisdiction includes "actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land." *Bond v. Ray*, 207 Ga. 559, 562 (63 SE2d 399) (1951) (punctuation omitted); see also *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230) (1992). The Court's equity-case jurisdiction include cases "in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). This appeal appears to fall within both categories. Moreover, it is well-

settled that the ultimate responsibility for determining appellate jurisdiction is vested in the Supreme Court. See *Saxton v. Coastal Dialysis & Medical Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996). This appeal is therefore TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 10/04/2013
        *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
        *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*