# Court of Appeals
# of the State of Georgia

ATLANTA,  January 19, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0226.  JEFFERY GLENN JONES et al. v. PEACH TRADER INC. et al.**

Peach Trader Inc. and A. City Discount, Inc. sued Jeffery Glenn Jones and Sharon Kelly Jones for fraud and other claims.  The trial court entered a temporary restraining order freezing the Joneses' assets, followed by a preliminary injunction that extended the "freeze" except with respect to one of the Joneses' bank accounts. Later, the court entered an order denying the Joneses' motion to dissolve the injunction but granting their motion to modify it to exclude their retirement accounts. The Joneses filed a notice of appeal from that order, but the trial court dismissed the appeal on the ground that it was interlocutory.  They filed a second notice of appeal, which the court also dismissed on the same basis.  The Joneses then filed this application for discretionary appeal seeking review of the orders dismissing their notices of appeal and the order denying their motion to dissolve the injunction.  The Joneses argue that they had a right of direct appeal and that the plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law.

The Georgia Constitution grants the Supreme Court general appellate jurisdiction over "all equity cases."  Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). "'[E]quity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied."  *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991).  A central issue in this application is the legality and propriety of the injunctive relief ordered by the trial court.  See *SRB Investment Svcs., LLLP v. Branch Banking & Trust Co.*, 289 Ga. 1 (709 SE2d 267) (2011).  Moreover, it is well-settled that the ultimate responsibility for determining appellate jurisdiction is vested in the

Supreme Court.  See *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996).

Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/19/2017          *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Pursuant to the Appellate Jurisdiction Reform Act of 2016, the Court of Appeals has jurisdiction over discretionary applications filed in equity cases on or after January 1, 2017.  OCGA § 15-3-3.1 (a) (2); see Ga. L. 2016, p. 883, § 6-1 (c) (effective date).  This application was filed on December 30, 2016.