43834. SNOOK et al. v. SESSOMS et al.
(350 SE2d 237)

WELTNER, Justice.

Snook, Prevatt, and Hinson, who are income beneficiaries of the A. K. Sessoms trust, brought suit against the trustees. The trustees then filed a petition for declaratory relief in another county to determine whether these beneficiaries had violated the terms of the *in terrorem* clause of the trust, and thereby had extinguished their rights as beneficiaries. The trial court declared their rights terminated. We granted to the beneficiaries an interlocutory appeal.

Section 28 of the trust provides: "The trust herein created shall cease and determine for any life beneficiary who attempts, by legal means or otherwise, to set aside or change the terms and conditions of this trust indenture. . . . The share of such beneficiary in the net income of this trust shall revert to the remaining trusts, and the Trustees shall divide and distribute such share in the same manner as if such beneficiary had died without leaving any descendent him surviving."

The beneficiaries contend that their complaints are directed against the trustees, and did not constitute an attempt to change any terms of the trust. With this contention we agree. The executor of a will "has no arbitrary powers to avoid the provisions of a will which he is appointed to execute. . . . The executor, therefore, remains amenable to law in all his acts and doings as such, and a beneficiary under the will, in seeking to compel the performance by him of his duty, will not be penalized for so doing." *Cohen v. Reisman*, 203 Ga. 684 (48 SE2d 113) (1948). This principle applies as well to trustees.

A beneficiary assuredly is empowered to enforce the provisions of a trust, no matter the terms of any *in terrorem* clause.

*Judgment reversed. All the Justices concur.*

Decided November 25, 1986.

*Guttshall, Cook & Guttshall, A. P. Guttshall,* for appellants.
*Tillman, McTier, Coleman, Talley & Newbern, John T. McTier, Miller, Simpson & Tatum, John B. Miller, Jones & Soloman, Dorothy S. Porter, Berien Sutton, Ruth S. Hughes,* for appellees.