S98A0907. DURDEN v. GRIFFIN et al.
S98A0908. JOYNER et al. v. GRIFFIN et al.
S98A0909. JOYNER v. GRIFFIN et al.
(509 SE2d 54)

THOMPSON, Justice.

These consolidated appeals are before the Court from an order dismissing appellants' notices of appeal in an action to reform a deed, for a constructive trust, and injunctive relief. Finding no reversible error, we affirm.

Appellee Sarah Griffin brought suit against her daughter-in-law, appellant Jennie Joyner, both individually and as representative of the estate of Griffin's deceased son, Ralph Edward Joyner, to reform a deed to certain real property which had been jointly titled in the Joyners. Griffin claimed that although she provided the funds to purchase the property, her name had not been placed on the deed, as the Joyners had promised. Thereafter, appellant Melonie Dale Durden, daughter of the decedent and heir-at-law, was named as a necessary party-defendant and was served with the complaint. Durden made no appearance at trial and was unrepresented. A verdict was directed against her at the conclusion of the evidence.

A jury returned a verdict for Griffin and against all defendants, awarding her title to the real property in dispute. Notices of appeal were timely filed on June 30, 1997, by Durden and Joyner, both individually and in her capacity as administratrix of Ralph's estate. Those notices specified that a transcript of evidence would be filed for inclusion in the record on appeal.

After the expiration of the 30-day time in which to file the transcript under OCGA § 5-6-42, plaintiff filed a "motion to dismiss and

strike notice of appeal." An evidentiary hearing was held on the motion one month later, at which time no transcript had yet been filed. The trial court found that none of defendants had even requested a transcript from the court reporter until four days after the 30-day period, nor had defendants requested an extension of time in which to file a late transcript under OCGA § 5-6-39 (a) (3). Concluding that there had been an unreasonable delay in filing the transcript, that such delay was inexcusable, and was caused by defendants, the court dismissed the notices of appeal of all defendants under OCGA § 5-6-48 (c). Defendants filed these appeals from the order dismissing the appeals of the underlying judgment.[1]

1. It is jointly asserted by all defendants that the trial court erred in dismissing their appeals.

Plaintiff supported her motion to dismiss with an affidavit from the court reporter that as of the thirty-fourth day following the filing of the notice of appeal, defendants had neither requested preparation of the transcript nor paid a fee for such services, although they had specified in their notices of appeal that a transcript of evidence would be filed for inclusion in the record. Defendants offered no evidence in opposition to plaintiff's motion.[2]

The court found the defendants' conduct *in failing to order a transcript* until four days after the date it was due to be filed, or to make financial arrangements with the court reporter until the statutory time had expired, both unreasonable and inexcusable, and that the delay was caused by the parties responsible for its preparation. A trial court's findings in this regard must be affirmed, absent an abuse of discretion. *Sellers v. Nodvin,* 262 Ga. 205 (415 SE2d 908) (1992); *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706) (1977).

The defendants in this case had done *nothing* to cause the transcript to be prepared, as was their obligation under OCGA § 5-6-42. They had neither ordered the transcript, nor sought an extension of time in which to file it until they faced a motion to dismiss. Under the circumstances, it cannot be said that dismissal of the appeals constituted an abuse of the court's discretion. Id.

2. Because our ruling in Division 1 is dispositive of these appeals, we do not reach Durden's remaining enumeration of error.

---

[1] A transcript was finally filed on November 14, 1997, 167 days after the notices of appeal had been filed.

[2] Defendants attempted to introduce their own affidavit at the hearing to the effect that the transcript would not have been filed within the statutory time even if it had been timely requested because of the court reporter's heavy workload. The trial court determined that their affidavit was untimely under OCGA § 9-11-6 (d), and refused to consider it. While this ruling is not enumerated as error on appeal, we note that consideration of an untimely affidavit is within the trial court's discretion. *Liberty Nat. Life Ins. Co. v. Houk,* 248 Ga. 111 (1) (281 SE2d 583) (1981).

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I fully agree with the majority's opinion and conclusion. I also agree with the majority that the resolution of the issue discussed in Division 1 renders it unnecessary for us to resolve Ms. Durden's remaining enumeration of error. However, because, in a vacuum, that enumeration may have had merit, I will address it briefly.

With regard to Case No. S98A0907, involving appellant Melonie Durden, the trial court, in addition to dismissing for the untimely transcript, dismissed Ms. Durden's appeal after finding that she was in default. At the hearing on the motion to dismiss, Ms. Durden asserted that she had filed a timely answer, but the trial court refused her request to take judicial notice thereof. The record shows that Ms. Durden did file a timely answer. Whether a trial court will take judicial notice of its own records in another case is a matter which rests within its discretion. *Petkas v. Grizzard,* 252 Ga.104 (312 SE2d 107) (1984). However, the answer filed by Ms. Durden was a part of the record in the very case under consideration by the trial court. "It is settled law that a court *will* take judicial notice of its own records in the immediate case or proceedings before it. [Cits.]" (Emphasis supplied.) *Roberts v. Roberts,* 201 Ga. 357, 359 (39 SE2d 749) (1946). Thus, it is incumbent upon a court to take judicial notice of the record in the case which is then under its consideration, either on its own motion or at the suggestion of counsel. See *Frank v. State,* 142 Ga. 741, 761 (3) (83 SE 645) (1914). Therefore, I believe that the trial court erred in refusing Ms. Durden's request and in predicating the dismissal of the appeal on her failure to produce evidence of a timely-filed answer.

However, as stated, the majority is absolutely correct with regard to the untimely transcript. Therefore, the error in failing to take judicial notice of Ms. Durden's answer is not of any moment in this particular case.

I am authorized to state that Justice Hunstein joins in this opinion.

DECIDED DECEMBER 4, 1998.

*Richard S. Lord,* for appellants.
*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver,* for appellees.