## S98A1677. PIRKLE v. BELL.
(510 SE2d 814)

FLETCHER, Presiding Justice.

The issue in this case is whether the trial court abused its discretion in dismissing the appeal in the underlying quiet title action. Because the record supports the trial court's ruling, we affirm.

Evelyn Bell filed a petition to quiet title to five acres of land in Jackson County against Dr. Quentin R. Pirkle, Sr. Pirkle bases his claim on a clause in a 1957 warranty deed that states: "Should grantor herein decide to sell said [excepted] 5 acres he hereby binds himself, his heirs and assigns to convey to grantee [Pirkle] the 5 acres at and for a price not to exceed five hundred dollars." The grantor died testate in 1993 without selling the five acres excepted in the warranty deed, and the property was conveyed to Bell by a deed of assent. Based on these undisputed facts, the trial court granted summary judgment to Bell.

In his notice of appeal, Pirkle stated that a transcript would be filed for inclusion in the record on appeal. However, no transcript existed. Three months later, the superior court clerk's office notified Pirkle's counsel that no transcript had been received. Bell filed a motion to dismiss the appeal, which the trial court granted. It concluded that the delay in filing the transcript was unreasonable because it prejudiced Bell by preventing her from selling her property; the delay was inexcusable based on Pirkle's error in stating a transcript would be filed when none existed; and Pirkle caused the delay by failing to check on the status of his appeal.[1] We hold that the trial court did not abuse its discretion in dismissing Pirkle's appeal for prejudicial delay.[2]

*Judgment affirmed. All the Justices concur.*

---

[1] See *Teston v. Mills,* 203 Ga. App. 20 (416 SE2d 133) (1992).
[2] See *Durden v. Griffin,* 270 Ga. 293 (509 SE2d 54) (1998).

DECIDED JANUARY 19, 1999.
Title to land. Jackson Superior Court. Before Judge McWhorter.
*Harvey, McCormack & Free, Walter B. Harvey,* for appellant.
*Stewart, Melvin & Frost, Frank Armstrong III,* for appellee.

