S01A1375. ARRINGTON et al. v. REYNOLDS.
(549 SE2d 401)

THOMPSON, Justice.

Plaintiffs filed suit to set aside a foreclosure sale and deed under a power of sale on the ground that the bank failed to give proper notice prior to selling the property to defendant. The trial court ruled in favor of defendant and plaintiffs appeal.

It is incumbent upon this Court to inquire as to its own jurisdiction. *Collins v. American Tel. & Tel. Co.*, 265 Ga. 37 (456 SE2d 50) (1995). In this case, it is apparent that appellate jurisdiction lies in the Court of Appeals because plaintiffs do not dispute defendant's record ownership of the property – they simply seek to set aside the deed based on improper notice of the foreclosure proceedings. See OCGA § 44-14-162.2. Thus, this case does not come within this Court's title to land jurisdiction. See *Graham v. Tallent*, 235 Ga. 47 (218 SE2d 799) (1975).

Nor can it be said that this case invokes the equity jurisdiction of this Court. Any equitable relief which plaintiffs seek is ancillary to the legal questions of whether the bank properly notified plaintiffs of the foreclosure proceeding, whether the bank's recital of notification in the deed under power of sale protected the validity of defendant's purchase, and whether defendant qualified as a bona fide purchaser of the property. See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999); *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993); *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991); *Fowler v. Smith*, 230 Ga. App. 817 (498 SE2d 130) (1998).

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED JULY 16, 2001.

*Jerry D. Sanders*, for appellants.
*Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.