S10A0885, S10X0887. REEVES et al. v. NEWMAN et al.;
and vice versa.
(695 SE2d 626)

MELTON, Justice.
   The parties to this action are the daughters of Zelda C. Stapleton, who died on November 25, 2006. After their mother's death, Cheryl Newman and Cathy Jones filed a complaint to set aside certain deeds and conveyances against their sisters, Cynthia Reeves and Cherie Thaxton, contending that Reeves and Thaxton had converted their mother's real and personal property prior to her death through fraud, false pretenses, and undue influence. A jury found in favor of Newman and Jones, and an implied trust was placed on the disputed property for the benefit of all five of Stapleton's daughters. Although the jury awarded punitive damages, the trial court struck the award but found that Reeves and Thaxton should be required to pay OCGA § 9-15-14 (b) attorney fees to Newman and Jones in the amount of $31,100.
   Reeves and Thaxton filed an appeal with the Court of Appeals regarding the propriety of the jury's verdict,[1] and Newman and Jones filed a cross-appeal, contending that the trial court erred by striking the jury's award of punitive damages. On February 4, 2010, the Court of Appeals transferred both the appeal and the cross-appeal to this Court. The Court of Appeals reasoned that the imposition of an implied trust automatically required this matter to be considered an equity case within the jurisdiction of this Court. See Ga. Const. 1983, Art. VI, Sec. VI, Par. III (2). For the reasons set forth below, we disagree and return both cases to the Court of Appeals.
   This Court has a duty to resolve any questions about its

———

[1] Specifically, Reeves and Thaxton argue that the trial court erred by: (1) denying their motion for a partial directed verdict; (2) denying their motion to recuse; (3) excluding certain evidence regarding Stapleton's state of mind; and (4) awarding attorney fees to Newman and Jones.

jurisdiction over any given case where doubt may exist.

> This duty is especially important when it impacts upon the Court's constitutional grant of jurisdiction over equity cases, the definition of which has been the subject of confusion and frustration for the Georgia bar as well as both of Georgia's appellate courts. The uncertainty surrounding equity jurisdiction, however, is not a recent occurrence, as it existed even when the distinction between law and equity was a great deal more pronounced than it is today. The concept of "equity" has been evolving for many years, and today much of what used to be considered substantive principles of equity have merged into our law to the extent that they no longer retain their uniquely equitable character. In order to keep pace with both the law's absorption of certain equitable principles, as well as other developments in equity, this Court must continue to delineate as clearly as possible the scope of its jurisdiction over "equity cases."

(Footnotes omitted.) *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 746-747 (1) (524 SE2d 464) (1999).

The central jurisdictional question here is whether this case qualifies as an equity case over which this Court has jurisdiction.

> [T]his Court's seminal case on equity jurisdiction, *Beauchamp v. Knight*, [261 Ga. 608 (409 SE2d 208) (1991),] states that whether an action is an equity case for the purposes of appellate jurisdiction depends upon the issue raised on appeal, not upon the kinds of relief sought in the complaint.

(Footnote omitted.) *Redfearn*, supra, 271 Ga. at 748 (3). Furthermore, "[c]ases in which the grant or denial of such relief was merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues were resolved, are not equity cases." (Punctuation omitted.) *Beauchamp*, supra, 261 Ga. at 609 (2). "If there is no substantive issue regarding the propriety of the equitable relief granted or rejected, then the appeal does not lie in this Court." *Warren v. Bd. of Regents of the University System of Ga.*, 272 Ga. 142, 143 (527 SE2d 563) (2000).

Based upon these principles, as the parties recognize, this is not an equity case which triggers this Court's jurisdiction. The issues raised in this matter are legal in nature, and they do not relate to the

propriety of the implied trust, itself.[2] Contrary to the Court of Appeals' analysis, the mere imposition of an implied trust as an equitable remedy does not automatically trigger this Court's jurisdiction. In *Warren*, supra, we faced a similar argument. There, we noted:

> The parties urge that cases involving the administration of trusts are always considered equitable. See OCGA § 53-12-4. However, as this Court's precedent makes clear, it is not the relief requested, or any classification or treatment of the case in the court below, but the issue presented on appeal that controls.

Id. at 144.

Therefore, for all of the reasons set forth above, jurisdiction over this matter lies in the Court of Appeals.

*Cases returned to the Court of Appeals. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Charles M. Cork III*, for appellants.
*Lane & Jarriel, Thomas F. Jarriel*, for appellees.

---

[2] We addressed the nature of constructive or implied trusts in *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136 (508 SE2d 646) (1998). There, we explained that

a constructive trust is a remedy created by a court in equity to prevent unjust enrichment. *Lee v. Lee*, 260 Ga. 356 (392 SE2d 870) (1990). Such a trust is impressed upon property when it is against equity that the person holding title to the property be allowed to enjoy the beneficial interest in the property. OCGA § 53-12-93 (a); *Georgia Dist. Council of the Assemblies of God, Inc. v. Atlanta Faith Mem. Church, Inc.*, 267 Ga. 59, 61-62 (4) (472 SE2d 66) (1996). As such, it is not an independent cause of action . . . , but a device by which property might be recovered if [an] unjust enrichment claim were to prevail.

Id. at 138 (2). See also OCGA § 53-12-93.