## A10A1377. SLAICK v. ARNOLD.
### (705 SE2d 206)

SMITH, Presiding Judge.

Nancy Slaick appeals from the superior court's order declaring that a deed transferring Katie Day's interest in real property to Slaick was void because it lacked "valid and valuable consideration." For the reasons set forth below, we reverse in part, vacate in part, and remand this case to the trial court to make findings with regard to the issues of fraud and after-acquired title.

The record shows that the administrator of Day's estate, Emmett J. Arnold, filed an action for declaratory judgment in probate court against Slaick to determine if Slaick received a valid deed from Day before her death. The administrator asserted the deed might not be valid based upon an after-acquired title problem, as well as issues of invalid consideration and fraud in the inception. Based upon the consent of the parties, the probate court transferred resolution of these issues to the superior court. Following a bench trial, the superior court ruled in favor of Day's estate.

"The [trial] court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Citation and punctuation omitted.) *Crowell v. Williams*, 273 Ga. App. 676 (1) (615 SE2d 797) (2005). So viewed, the record shows that the real property at issue in this case was previously owned by Cora Belle Dorsey, who died on September 4, 1989. In her will, Dorsey devised the property at issue to Day and Slaick "share and share alike." Slaick, as the executor of Dorsey's will, filed an assent to the devise on August 2, 1991 "so that full fee-simple title thereto is vested in [Day and Slaick] as provided in [Dorsey's] will."

On April 20, 1990, before Slaick's devise from Dorsey's estate to Day and Slaick, Day and Slaick went to an attorney's office for the purpose of executing reciprocal deeds for the property at issue that reserved a life estate for each grantor. According to Slaick,

> Aunt Belle wanted her to fix this here so that if I died first it went to mother, but if she died first it went to me. And reserve for herself a life estate. She told my mother that. . . . And it had been over six months and I hadn't even men-

tioned it to my mother and she mentioned it to me, we need to go and do what Cora Belle wanted us to do. . . .

The deed from Day to Slaick provides:

[F]or and in consideration of LOVE AND AFFECTION AND OTHER GOOD AND VALUABLE CONSIDER-ATION, the receipt of which is hereby acknowledged, has bargained, sold and does by these presents bargain, sell, remise, release, and forever quit-claim to [Slaick], her heirs and assigns, all the right, title, interest, claim or demand which [Day] has or may have had or may acquire in the future in and to [the property at issue].

. . .

Day "expressly reserves for herself a life estate in and to the aforesaid lands, it is the intent of the grantor to deed a remainder interest only."

It is undisputed that the reciprocal deed from Slaick to Day was never recorded and cannot be located.

In Day's will, she devised her half interest "in any real property owned jointly by me and [Slaick]" to her four other children. She then specifically identified the property at issue in this suit. Day died on March 27, 2006.

Following a bench trial, the trial court issued an order declaring the deed from Day to Slaick "void as it lacks valid and valuable consideration." The trial court reasoned, "In Georgia, deeds which are giv[en] for 'Love and Affection and other Good and Valuable Consideration' but do not state a monetary amount given are voluntary, and on their face, lack valid consideration required to effectuate a binding transfer."

Slaick appealed to the Georgia Supreme Court, which trans-ferred the case to this court through the following order:

Appellant filed this direct appeal seeking to invoke this Court's jurisdiction over "(c)ases involving title to land . . . ." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (1). But this Court has defined title to land cases as "actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land." *Graham v. Tallent*, 235 Ga. 47 (218 SE2d 799) (1975). Here, appellee did not dispute appellant's record ownership of the property at issue; instead, appellee sought a judicial declaration that appellant's deed was void

for various reasons including lack of valid consideration. Therefore, this case does not come within this Court's title to land jurisdiction. See *Arrington v. Reynolds*,[1] 274 Ga. 114 (549 SE2d 401) (2001). Nor does this case invoke the equity jurisdiction of this Court since any equitable relief sought is ancillary to the legal issues on appeal. See *Arrington v. Reynolds*, supra at 115; *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999). Finally, although this case originated as an action to probate a will, it does not involve the validity or meaning of any provision of a will and thus is not a case "involving wills" such that this Court would have jurisdiction pursuant to Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (3). See *In re Estate of Lott*, 251 Ga. 461 (306 SE2d 920) (1983). Accordingly, it hereby is ordered that this appeal be transferred to the Court of Appeals.

*All the Justices concur, except Melton, J., who dissents.*

1. Slaick correctly asserts that the trial court erred by voiding the deed for lack of consideration. "[I]n the absence of some equitable ground such as fraud, a voluntary deed will not be canceled on the ground of a lack of consideration." (Citation omitted.) *Williams v. Lockhart*, 221 Ga. 343, 344 (1) (144 SE2d 528) (1965). The case relied upon by the trial court, *McDonald v. Taylor*, 200 Ga. 445, 449 (1) (37 SE2d 336) (1946), does not apply here. Instead, it applies to cases involving a transfer of land to a bona fide purchaser after the same land was voluntarily conveyed to another without consideration. Id. at 450 (1).

The administrator appears to argue that a reciprocal deed from Slaick was the actual consideration for Day's deed based upon parol evidence submitted during the trial. Because this deed cannot be located, the administrator asserts that the consideration promised for Day's deed was never given and her deed is therefore void.

We find no merit in this argument. "Failure to pay the consideration promised, although it constitutes a breach, does not render the conveyance invalid for lack of consideration." *Barrett v. Simmons*, 235 Ga. 600, 601-602 (1) (221 SE2d 25) (1975). See also *Jones v. Brawner*, 151 Ga. App. 437, 439-440 (260 SE2d 385) (1979).

2. Slaick asserts the trial court erred by concluding the deed lacked consideration because Day did not have title at the time she executed the deed. Based upon our review of the trial court's order, it does not appear that the trial court grounded its finding of no

---

[1] In *Arrington*, a homeowner sought to set aside a foreclosure sale and deed based upon improper notice of the foreclosure proceedings.

consideration on this basis. As a result, we cannot rule on this issue. *Pantusco v. Wiley*, 274 Ga. App. 144, 147 (2) (616 SE2d 901) (2005).

3. Because the trial court's order does not address the administrator's claim of fraud in the inception and Slaick's claim regarding after-acquired title, we must vacate the trial court's judgment declaring the deed void and remand this case to the trial court to make findings with regard to these issues.

*Judgment reversed in part and vacated in part, and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 17, 2010 —
RECONSIDERATION DENIED DECEMBER 15, 2010.

*James F. Baker*, for appellant.
*Driebe & Driebe, Charles J. Driebe*, for appellee.