S11A1689. BOYD et al. v. JOHNGALT HOLDINGS, LLC et al.
(724 SE2d 395)

MELTON, Justice.

Pursuant to a tax sale, JohnGalt Holdings, LLC, purported to gain ownership of certain real property located in Atlanta. Nathaniel and Lucy Boyd believed that they owned the property in question, and on October 13, 2005, they sued JohnGalt for trespass and ejectment. JohnGalt counterclaimed for trespass and conversion, and to quiet title. Following the trial court's grant in part of JohnGalt's quiet title claim, the Boyds filed a timely notice of appeal, and also filed a request to proceed in forma pauperis. The trial court

denied the Boyds' request to proceed in forma pauperis, and the Boyds filed a separate notice of appeal to appeal from that judgment. On April 8, 2011, the trial court issued a single order dismissing both of the Boyds' appeals (i.e., both the appeal relating to the quiet title claim and the appeal dealing with the denial of the Boyds' request to proceed in forma pauperis). The Boyds filed a notice of appeal from this April 8 order, which brings the matter before this Court. As explained more fully below, because this Court lacks jurisdiction over the claims raised in this appeal, the appeal is hereby transferred to the Court of Appeals.

"This Court has a duty to resolve any questions about its jurisdiction over any given case where doubt may exist." *Reeves v. Newman*, 287 Ga. 317, 317-318 (695 SE2d 626) (2010). Although the Boyds assert that jurisdiction lies in this Court "because this case involves title to land" (see Appellants' Brief at 4; Ga. Const. of 1983 Art. VI, Sec. VI, Par. III (1)), the Boyds concede in their brief that they are not attempting to challenge "the merits of the rulings of the trial court below. Instead, [they] seek [only] review of an order *denying pauper status* to the[m] . . . which was entered by the trial court sua sponte and without notice and an opportunity to be heard." Appellants' Brief at 1. Indeed, the only claims properly at issue in this appeal and argued in the Boyds' brief relate to their dissatisfaction with the trial court's decision to dismiss their appeals based on their failure to pay appeal costs in a timely manner.[1]

Here, "[o]nly if the [trial] court's dismissal of the notice of appeal is overturned could any question dealing with title to land be brought to an appellate court." (Punctuation omitted.) *Smith v. Hobbs*, 259 Ga. 88 (380 SE2d 53) (1989). As such, there is no title to land claim presented by this appeal for this Court to resolve. In this regard, in a purported "title to land" appeal such as this one, "[i]t is not what is in the complaint before the trial court that determines this Court's jurisdiction, but the *issues on appeal*." (Emphasis in original.) Id. Because the actual issues raised in this appeal do not provide a basis for jurisdiction in this Court, the appeal is hereby transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur, except Hunstein, C. J., Carley, P. J., and Benham, J., who dissent.*

---

[1] The constitutional claim asserted by the Boyds was neither raised nor ruled upon below, and therefore provides no basis for jurisdiction in this Court. See, e.g., *James v. Montgomery County Bd. of Ed.*, 283 Ga. 517, 518, n. 3 (661 SE2d 535) (2008).

BENHAM, Justice, dissenting.

I respectfully dissent to the transfer of this case to the Court of Appeals because I believe this appeal falls within this Court's appellate jurisdiction of "[c]ases involving title to land." 1983 Ga. Const., Art. VI, Sec. VI, Par. III (1). By relying on *Smith v. Hobbs*, 259 Ga. 88 (380 SE2d 53) (1989), to transfer this case, the majority perpetuates the erroneous application to a "title-to-land" appeal of a principle governing an appeal of an "equity" case; the majority resurrects a holding that has not been cited in the 22 years of its existence and which, in practice, has been implicitly overruled; and the majority fails to recognize that a trial court's dismissal of an appeal does not modify this Court's appellate jurisdiction, but affects only the order in which this Court addresses the enumerated errors of an appeal that fall within its jurisdiction.

This Court has construed the constitutional provision giving this Court appellate jurisdiction of title-to-land cases as encompassing "actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land." *Graham v. Tallent*, 235 Ga. 47, 49 (218 SE2d 799) (1975), quoting *Bond v. Ray*, 207 Ga. 559, 561 (63 SE2d 399) (1951). Under the *Graham* construction of the constitutional provision, this case is a title-to-land case because the Boyds filed suit against JohnGalt for trespass and ejectment, disputing JohnGalt Holdings' record ownership of the property. Therefore, the appeal falls within this Court's appellate jurisdiction. Compare *Arrington v. Reynolds*, 274 Ga. 114 (549 SE2d 401) (2001).

Rather than applying *Graham v. Tallent* to this appeal, the majority, citing *Smith v. Hobbs*, supra, 259 Ga. 88, holds that this Court's title-to-land appellate jurisdiction is not dependent upon whether the lawsuit is one in which the plaintiff asserts a presently-enforceable legal title but, rather, is dependent upon "the issues on appeal." Because the appeal is from the trial court's dismissal of the appeal and "there is no title to land claim presented by this appeal for this Court to resolve[,]" the majority concludes the appeal is not within this Court's appellate jurisdiction. However, in so doing, the majority has confused this Court's jurisdiction of cases involving title to land with its jurisdiction of equity cases. In *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991), this Court construed the constitutional provision giving this Court appellate jurisdiction over "[a]ll equity cases" (Art. VI, Sec. VI, Par. III (2)) as covering "those [cases] in which a *substantive issue on appeal* involves the legality or propriety of equitable relief sought in the superior court...." (emphasis supplied). In *Lamar County v. E.T. Carlyle Co.*, 277 Ga. 690 (1) (594 SE2d 335) (2004), we explained that this Court's

appellate jurisdiction of *equity* cases is dependent upon the appeal containing a certain type of issue, i.e., one questioning the legality or propriety of equitable relief; however, cases involving title to land and, as pointed out in *Lamar County*, cases involving extraordinary remedies, have not been construed in such a limiting fashion.[2]

I question the efficacy of *Smith v. Hobbs*, the case relied upon by the majority. It, like the case before us, is a title-to-land case in which the appeal was from the trial court's order dismissing the appeal. However, instead of acknowledging the construction in *Graham v. Tallent* of the constitutional provision governing appellate jurisdiction of title-to-land cases, the *Hobbs* Court applied the holding it had recently made in a case involving this Court's appellate jurisdiction over *equity* cases. See *Hatfield v. Great American Mgmt. & Investment*, 258 Ga. 640 (373 SE2d 367) (1988). The holding in *Smith v. Hobbs* lay dormant for nearly 22 years until its resurrection by the majority. In that time, this Court construed the constitutional provision governing its appellate jurisdiction over equity cases in *Beauchamp v. Knight*, supra, 261 Ga. 608, and has routinely retained jurisdiction of an appeal from the trial court's dismissal of an appeal in a title-to-land case. See, e.g., *Mitchell v. 3280 Peachtree 1*, 285 Ga. 576 (678 SE2d 880) (2009); *Kelly v. Dawson County*, 282 Ga. 189 (646 SE2d 53) (2007); and *Pirkle v. Bell*, 270 Ga. 438 (510 SE2d 814) (1999). The trial court's dismissal of an appeal does not affect this Court's appellate jurisdiction; it only affects the order in which the appellate court addresses the enumerated errors. See *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011) (addressing the merits of a party's recusal motion against the trial judge is an exception to the general rule that an appellate court decides whether the trial court properly dismissed an appeal before it addresses the merits of the appeal); *Durden v. Griffin*, 270 Ga. 293, 294 (509 SE2d 54) (1998).

In light of this Court's construction in *Beauchamp* of the constitutional basis for its appellate jurisdiction over equity cases and its retention of jurisdiction over appeals in title-to-land cases

---

[2] *Lamar County* was a case that invoked this Court's appellate jurisdiction over "[a]ll cases involving extraordinary remedies." 1983 Ga. Const., Art. VI, Sec. VI, Par. III (5). This Court's appellate jurisdiction of "[a]ll cases involving wills" (Art. VI, Sec. VI, Par. III (3)) has been construed to embrace only "those cases in which the will's validity or meaning is in question." *In re Estate of Lott*, 251 Ga. 461 (306 SE2d 920) (1983). Jurisdiction of "[a]ll habeas corpus cases" (Art. VI, Sec. VI, Par. III (4)) has been construed to cover only those cases brought pursuant to OCGA § 9-14-1 et seq., in the county of incarceration and OCGA § 9-14-40 et seq. See generally *Patterson v. Earp*, 257 Ga. 729 (363 SE2d 248) (1988) and *Alvarez v. Sills*, 258 Ga. 18 (365 SE2d 107) (1988). "All divorce and alimony cases" (Art. VI, Sec. VI, Par. III (6)) has been construed to cover all cases in which a final judgment of divorce or an order for child support or alimony has been entered. *Gates v. Gates*, 277 Ga. 175, 175-176 (587 SE2d 32) (2003).

from the trial court's dismissal of the appeal, I would return *Smith v. Hobbs* to its former place of rest by expressly overruling it. Because I believe this appeal falls within this Court's appellate jurisdiction over all cases involving title to land, I dissent from the transfer of this appeal to the Court of Appeals.

I am authorized to state that Chief Justice Hunstein and Presiding Justice Carley join this dissent.

DECIDED MARCH 5, 2012.

*Francis X. Moore*, for appellants.

*Weissman, Nowack, Curry & Wilco, Ned Blumenthal, Schreeder, Wheeler & Flint, David H. Flint, J. Carole Thompson Hord*, for appellees.