S12A0537. DURHAM v. DURHAM et al.
S12A0607. CALLAWAY v. WILLARD et al.

(728 SE2d 627)

NAHMIAS, Justice.

The question presented by these two cases is whether appeals that involve the proper interpretation of a trust provision come within this Court's general appellate jurisdiction over "equity cases," Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2), because the resolution of that legal issue will affect the administration of the trust. Consistent with our precedent on this question, we conclude that such cases do not come within our equity jurisdiction.

1. These cases arise from a declaratory judgment action filed by trustee William E. Callaway, Jr., seeking to determine the effect of an in terrorem clause in an express trust. The donor, Marjorie H. Durham, executed the inter vivos trust in 2000, naming herself as a beneficiary and her four children as residual beneficiaries. Mrs. Durham died in 2009. In 2010, the trustee filed a complaint for declaratory judgment against the four trust beneficiaries, seeking an order declaring that three of the beneficiaries, Wallace Durham, Hugh Durham, and Lucinda Durham Willard, had forfeited their respective interests in the trust estate under the in terrorem clause and that the entirety of the estate should therefore be distributed to the fourth beneficiary, Lawrence Durham.[1] Lawrence filed a counterclaim and a cross-claim and later moved for summary judgment, alleging that because he was the only child who did not violate the in terrorem clause, he is the sole beneficiary of the residue of the trust estate. Lucinda also filed a motion for summary judgment, alleging that she had not violated the in terrorem clause and remains a valid beneficiary of the trust. On July 6, 2011, the trial court granted Lucinda's motion for summary judgment, and on July 12, the court denied Lawrence's motion for summary judgment.

Case No. S12A0537 is Lawrence's appeal of the denial of his motion for summary judgment. After the trial court certified its ruling for immediate review, Lawrence filed an application for interlocutory appeal in the Court of Appeals, which transferred the application to this Court. We granted the application to address whether this Court has subject matter jurisdiction over the appeal as an "equity case" and, if so, whether the trial court erred in denying Lawrence's motion for summary judgment. Case No. S12A0607 is

---

[1] The in terrorem clause provides that if any of the trust beneficiaries are "unsuccessful in [a] legal or equitable challenge" pertaining to the administration, management, or distribution of the trust, "then said child or children shall, as of said date that the challenge is determined adversely to said child or children, forfeit any right, title or interest in said Trust Estate."

trustee Callaway's appeal of the trial court's grant of Lucinda's motion for summary judgment. The trustee filed a direct appeal in the Court of Appeals, which again transferred the case to this Court. We conclude, however, that these cases do not come within the Supreme Court's appellate jurisdiction over "equity cases."

2. For more than two decades, this Court has consistently held that our appellate jurisdiction over "equity cases" is limited to cases in which a specific substantive issue raised on appeal involves equitable relief rather than questions of law.

> Whether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the issue raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint. That is, "equity cases" are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court — whether that relief was granted or denied. Cases in which the grant or denial of such relief was merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues of law were resolved, are not "equity cases."

*Beauchamp v. Knight*, 261 Ga. 608, 609 (409 SE2d 208) (1991). Accord, e.g., *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 747-749 (524 SE2d 464) (1999); *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 178-179 (476 SE2d 587) (1996); *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66, 66 (428 SE2d 328) (1993).

The parties and the dissent contend that because the resolution of these cases will affect the administration of Mrs. Durham's trust by controlling how the trustee should distribute the trust property among the four beneficiaries, the cases come within our equity jurisdiction. The parties cite a statute which says that "[t]rusts are peculiarly subjects of equity jurisdiction" and that "[a]ctions concerning the construction, administration, or internal affairs of a trust shall be maintained in superior court," OCGA § 53-12-6 (a), (b), and note that the Constitution gives superior courts exclusive jurisdiction in "equity cases." Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. The dissent cites similar materials regarding the equitable nature of trusts and trust remedies. See Dis. Op. at 237.

However, in *Warren v. Board of Regents of the University System of Georgia*, 272 Ga. 142 (527 SE2d 563) (2000), we flatly rejected the argument that "cases involving the administration of trusts are always considered equitable" for purposes of *appellate* jurisdiction. Id. at 144. The issue raised on appeal in *Warren* involved standing to

enforce a trust, and the Court's reasoning followed *Beauchamp* and spurned the view that appeals related to trusts are to be considered any differently than other appeals involving our equity jurisdiction.

> [A]s this Court's precedent makes clear, it is not the relief requested, or any classification or treatment of the case in the court below, but the issue presented on appeal that controls [our jurisdiction]. The cases cited by the parties in support of the proposition that cases involving the administration of trusts are always considered to be equity cases, regardless of the appellate issues, were decided prior to the clarification of our jurisdiction in *Pittman* and *Beauchamp*. . . . The principles of *Pittman* and *Beauchamp* control; this Court's equity jurisdiction is invoked when the primary issue raised on appeal is equitable.

*Warren*, 272 Ga. at 144.

Thus, under our jurisdictional precedent, "[f]or a matter to come within this Court's equity jurisdiction, the lower court must have rendered a judgment based upon equitable principles, and that decision must be the primary issue on appeal," even if the case involves a trust. *Warren*, 272 Ga. at 145. We unanimously reiterated this point two years ago in *Reeves v. Newman*, 287 Ga. 317 (695 SE2d 626) (2010), which relied on *Warren* to return a case involving the imposition of an implied trust to the Court of Appeals because the appeal presented only legal questions, again rejecting the argument that cases involving the administration of trusts are always considered equitable on appeal. See *Reeves*, 287 Ga. at 318-319.

Our jurisdictional treatment of trust cases is consistent with our treatment of other types of cases involving equity. For example, injunctions are the quintessential form of equitable relief, see OCGA § 9-5-1 ("Equity, by a writ of injunction, may restrain [certain proceedings and acts]."), and actions seeking an injunction must therefore be brought in superior court. See OCGA § 15-6-8 (2) (saying that superior courts have the authority "[t]o exercise the powers of a court of equity"); OCGA § 15-6-9 (3) (saying that superior courts have the authority "[t]o grant writs of injunction"); *Lee v. Lee*, 260 Ga. 356, 356 (392 SE2d 870) (1990) (holding that equitable remedies such as injunctions "are beyond the scope" of a probate court and may only be sought in superior court). Despite these provisions regarding *original* jurisdiction, which are similar to the trust provisions on which the parties and the dissent rely, we have refined our analysis of what is an equity case for *appellate* jurisdiction in many cases involving requests for injunctive relief, transferring the cases to the Court of

Appeals when the appeals did not present a substantive issue of equitable relief. See, e.g., *Redfearn*, 271 Ga. at 747-748; *Saxton*, 267 Ga. at 178-179; *Pittman*, 263 Ga. at 66. In short, the case law construing this Court's jurisdiction long ago broke any direct link with the jurisdiction of the superior courts over "equity cases."[2]

We recognize that this Court has decided a few trust-related cases. See *Lewis v. Van Anda*, 282 Ga. 763 (653 SE2d 708) (2007); *Ludwig v. Ludwig*, 281 Ga. 724 (642 SE2d 638) (2007); *Miller v. Walker*, 270 Ga. 811 (514 SE2d 22) (1999); *Snook v. Sessoms*, 256 Ga. 482 (350 SE2d 237) (1986). However, only one of these cases was decided after *Beauchamp* and involved the straightforward interpretation of a trust provision, as in the cases before us. See *Miller*, 270 Ga. at 815 (interpreting a trust document to determine if the settlor intended his biological children to take under it despite their adoptions by unrelated persons).[3] More significantly, "in those cases, 'we did not rule on this Court's jurisdiction [and thus], no binding precedent was established.'" *State v. Outen*, 289 Ga. 579, 582 (714 SE2d 581) (2011) (citation omitted). "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Id. (citation and punctuation omitted).

These trust-related decisions therefore do not support a result that is contrary to *Warren* and *Reeves*, in which we addressed the jurisdictional issue presented and squarely held that the fact that a case relates to the administration of a trust is insufficient to bring it within this Court's "equity case" jurisdiction. The dissent is simply wrong in asserting that "[t]his Court has two competing lines of authority concerning the proper appellate court to hear appeals concerning express trusts." Dis. Op. at 235-236. We have one line of *authority* on the jurisdictional issue; the cases the dissent would

---

[2] The dissent contends that our decision today improperly limits our equity jurisdiction over trust-related cases. See Dis. Op. at 238-239. However, those limits are not unique to trust cases; they stem from our decisions since *Beauchamp* that narrowly define our equity jurisdiction across the board, and the dissent does not question the *Beauchamp* approach. See Dis. Op. at 236.

[3] *Snook* was decided before *Beauchamp*; the appeal raised the issue of whether the beneficiaries had violated the in terrorem clause of a trust, although the case was actually decided without interpreting that clause on the principle that "[a] beneficiary assuredly is empowered to enforce the provisions of a trust, no matter the terms of any in terrorem clause." 256 Ga. at 482. *Ludwig*, while mentioning trust language giving broad discretion to the trustees, did not involve the interpretation of that provision but rather broader questions of whether the trustees had abused their discretion, mismanaged the trust, and breached their fiduciary duties. See 281 Ga. at 725-726. And *Lewis* did not involve interpreting trust language but rather a claim that the trust and related transfers were the product of undue influence by the settlor's sister. See 282 Ga. at 763, 766-767.

"follow" do not mention or decide any jurisdictional question. Consistent with our precedent, and contrary to the dissent's view, in recent years the Court of Appeals has decided cases involving the construction of an express trust, both after transfer from this Court, see *Baker v. Merrill Lynch Trust Co., FSB*, 286 Ga. App. 767, 767 & n. 1 (650 SE2d 296) (2007), and on direct appeal to that court, see *Garner v. Redwine*, 309 Ga. App. 158, 158 (709 SE2d 569) (2011).

Thus, in deciding whether this Court has jurisdiction over these appeals, it does not matter that "[t]he trustee sought a declaration from the superior court on how he should distribute the trust's property among the four children" or that the relief the trustee sought was equitable in nature. Dis. Op. at 238. That just means the trustee was correct in filing his case in the superior court. Instead, the sole issue presented on appeal is how to interpret a specific provision of a legal document — the in terrorem clause of Mrs. Durham's trust. That is a straightforward legal question, one that does not require "any analysis that could be termed an evaluation of equitable considerations." *Warren*, 272 Ga. at 144. See also *Redfearn*, 271 Ga. at 748 (holding that construction of a legal document like a contract is an issue of law, with the viability of equitable relief being ancillary thereto). And while the answer to this question of law may eventually control the relief granted in these cases — how the trustee should distribute the remaining trust property among the four beneficiaries — that would not bring these appeals under this Court's equity jurisdiction. "Cases in which the grant or denial of [equitable] relief [is] merely ancillary to underlying issues of law, or would [be] . . . a matter of routine once the underlying issues of law [are] resolved, are not 'equity cases.'" *Beauchamp*, 261 Ga. at 609.

3. These appeals present no issue of equity, and there is no other apparent basis for this Court's jurisdiction. Accordingly, we transfer Case No. S12A0537, which came to this Court directly from the trial court after our grant of the interlocutory application (which was transferred from the Court of Appeals), to the Court of Appeals, and we return Case No. S12A0607, which the Court of Appeals transferred to this Court, to the Court of Appeals.

*Appeal transferred to the Court of Appeals in Case No. S12A0537. Appeal returned to the Court of Appeals in Case No. S12A0607. All the Justices concur, except Hunstein, P. J., Benham and Melton, JJ., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

While, as a matter of policy, I agree with the majority that "equity cases" should go to the Court of Appeals, I disagree that our precedent mandates that result in this case. This Court has two competing lines

of authority concerning the proper appellate court to hear appeals concerning express trusts. The majority follows our decisions holding that we look at the issue on appeal and transfer the case to the Court of Appeals if the equitable relief sought is ancillary to the legal relief. As a practical matter, this analysis means that the default is for every "equity case" to be heard in the Court of Appeals because underlying the question of equity is a question of law. Assuming our jurisdiction over equity cases in the Constitution means something, I would follow a different line of cases that have exercised jurisdiction over appeals involving the internal affairs of trusts.

Our State Constitution gives this Court appellate jurisdiction over all equity cases. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). "Whether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the issue raised on appeal." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). In *Beauchamp*, we defined "equity cases" as "those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court — whether that relief was granted or denied." Relying on *Beauchamp*, we have held that the imposition of an implied trust as an equitable remedy is not an equity case that triggers this Court's jurisdiction when the issues on appeal did not relate to the propriety of the implied trust. See *Reeves v. Newman*, 287 Ga. 317, 318-319 (695 SE2d 626) (2010); accord *Davis v. Davis*, 287 Ga. 897 (700 SE2d 404) (2010). Similarly, we transferred a case where the issue on appeal involved the question of standing under a statute that granted the Attorney General or district attorney exclusive authority to enforce the terms of a charitable trust. *Warren v. Bd. of Regents of the Univ. System of Ga.*, 272 Ga. 142 (527 SE2d 563) (2000). In *Warren*, we rejected "the argument that the denial of standing to assert the requested equitable remedy is itself a decision of equity that creates an equitable issue on appeal." Id. at 144.

Historically, this Court has retained appeals involving the administration and internal affairs of an express trust under our equity jurisdiction. See *Snook v. Sessoms*, 256 Ga. 482 (350 SE2d 237) (1986) (holding beneficiaries may file lawsuit against trustees to seek enforcement of trust provisions without violating the in terrorem clause); *Miller v. Walker*, 270 Ga. 811 (514 SE2d 22) (1999) (holding rights of beneficiaries under their grandfather's inter vivos trust terminated on their adoption outside the family). Even after our decisions in *Beauchamp* and *Warren*, this Court has reviewed and retained jurisdiction because the appeal involved the internal affairs of an express trust. See *Ludwig v. Ludwig*, 281 Ga. 724 (642 SE2d 638) (2007) (rejecting beneficiaries' claims that trustees mismanaged

inter vivos trust or breached their fiduciary duties). We have exercised appellate jurisdiction in cases in which beneficiaries have brought claims against trustees for violating a written trust agreement, see id. at 725, as well as in cases like this one in which trustees have sought a declaration of the beneficiaries' rights under specific clauses of the trust. See *Miller*, 270 Ga. at 813; *Snook*, 256 Ga. at 482.

This jurisdiction is based on the long-standing principle of law that trusts "are peculiarly subjects of equity jurisdiction" and the "trustee is amenable to the court of equity for faithful administration of trust." *Hardware Mut. Cas. Co. v. Dooley*, 193 Ga. 882 (1) (20 SE2d 420) (1942) (Citation and punctuation omitted); see OCGA § 53-12-6 (a). The Restatement (Third) of Trusts states that "the remedies of trust beneficiaries are equitable in character and enforceable against trustees in a court exercising equity powers." Restatement (Third) of Trusts § 95 (2011); see also 76 AmJur2d Trusts, § 597 ("the remedies available to a trust beneficiary, as against the trustee, may be exclusively equitable, unless the trustee's duty is to immediately and unconditionally pay money or transfer a chattel to the beneficiary"). As the Restatement (Second) of Trusts explains, "[t]he creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract [and] questions of the administration of trusts have always been regarded as of a kind which can adequately be dealt with in a suit in equity." Restatement (Second) of Trusts § 197 cmt. b (1959).

Our trust code has codified the principle that the remedies for trust beneficiaries are exclusively equitable. See OCGA § 53-12-6 (actions concerning the "construction, administration, or internal affairs of a trust shall be maintained in superior court"). Similarly, we have relied on the official comment, now codified at OCGA § 53-12-6, that "[c]auses of action that involve the 'internal affairs' of a trust are generally the subject of equity jurisdiction" to exercise appellate jurisdiction over cases involving express trusts. Consistent with this official comment, we have exercised jurisdiction in an appeal if the substantive issue on appeal involves the administration or internal affairs of an express trust. See *Lewis v. Van Anda*, 282 Ga. 763 (653 SE2d 708) (2007) (deciding equitable claims to set aside inter vivos trust on grounds of undue influence under equity jurisdiction); *Ludwig*, 281 Ga. at 725-726; *Miller*, 270 Ga. at 811; see also *Snook*, 256 Ga. at 482 (granting interlocutory application to appeal under equity jurisdiction to review trial court's decision that beneficiaries had violated trust's in terrorem clause).

In this case, the issue in the trial court and on appeal is whether any of the residual beneficiaries are prohibited from recovering property under their mother's trust due to their past actions in filing

lawsuits in Evans and Tattnall Counties. The trustee sought a declaration from the superior court on how he should distribute the trust's property among the trust donor's four children. In his prayer for relief, the trustee asked the trial court to order that three of the children forfeited their interests in the estate and to transfer their shares to the fourth child. In response, the three children asserted that they did not violate the in terrorem clause and remained trust beneficiaries. As a result, the substantive issues on appeal are which beneficiaries are entitled to recover under the trust and the share of property, if any, to which they are entitled. Because these questions concern the administration and internal affairs of the trust, I conclude that we have subject matter jurisdiction over this appeal as an equity case.

Although the majority opinion is correct that we must interpret the in terrorem clause in light of the beneficiaries' actions in filing the lawsuits in Evans and Tattnall Counties, our construction of that specific clause cannot be separated from the trustee's request for guidance on the key question involving the trust — how to distribute the remaining trust property among the four children of donor Majorie Durham. To separate out the two issues, as the majority does, means that every case involving the propriety of the trustee's actions in conducting the internal affairs of the trust will go to the Court of Appeals because the underlying issue on appeal will involve the interpretation of one or more specific provisions in the trust agreement. Unlike our decision in *Warren,* where we determined that standing to seek equitable relief is not a question within our equitable jurisdiction, the issues here involve the internal workings of the trust and propriety of the equitable relief sought to be granted the beneficiaries. See *Ludwig,* 281 Ga. at 725-726; *Miller,* 270 Ga. at 811; *Snook,* 256 Ga. at 482.

While the majority opinion treats our equity jurisdiction as one straight, seamless line of authority, this Court has struggled over how to define our jurisdiction in equity cases. See, e.g., *Kemp v. Neal,* 288 Ga. 324 (704 SE2d 175) (2010); *Redfearn v. Huntcliff Homes Assn.,* 271 Ga. 745, 746 (524 SE2d 464) (1999) (definition of equity "has been the subject of confusion and frustration for the Georgia bar as well as both of Georgia's appellate courts"). In this case, I would retain jurisdiction for two reasons. One, if the term "equity cases" means anything today, then it should include appeals in express trust cases where the remedies to beneficiaries are exclusively equitable and the issue on appeal is the legality or propriety of that equitable relief. Second, if we continue our recent practice of narrowly defining the issue on appeal, the result will be the same as in this case — a transfer to the Court of Appeals — even in subject matter areas that have in

the past been exclusively within our jurisdiction. See *Boyd v. John-Galt Holdings, LLC*, 290 Ga. 658 (724 SE2d 395) (2012) (transferring a case involving title to land to Court of Appeals).

Because express trusts are a creature of equity and by their nature involve equitable remedies, I would hold that we continue to have jurisdiction over appeals when the case involves the internal affairs of an express trust.

I am authorized to state that Justice Benham and Justice Melton join in this dissent.

DECIDED JUNE 18, 2012.

*Dubberly & McGovern, Bruce D. Dubberly, Jr.*, for appellant (case no. S12A0537).

*Callaway, Neville & Brinson, William J. Neville, Jr.*, for appellant (case no. S12A0607).

*Bryan Cave, Luke A. Lantta, Nicole J. Wade, Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellees.