# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1568.  MIKO HUDSON v. FRANCES JUDGE AS ADMINISTRATRIX OF THE ESTATE OF WILLIE JUDGE, DECEASED.**

Hudson seeks reversal of a superior court's summary judgment against her and in favor of Judge, which ruling set aside a deed by which a third party had conveyed real property to her.

In seeking summary judgment, Judge claimed that the third party was the decedent's debtor who had conveyed the property to Hudson for no consideration and that the deed therefore should be set aside pursuant to the Uniform Fraudulent Conveyance Act, OCGA § 18-2-70 et seq. (so that the estate could levy against the property). In opposing Judge's motion, Hudson argued that the property was not within the purview of that Act because the third party's conveyance of the property was part of a prior agreement between the third party and her, which agreement had nothing to do with Judge. According to Hudson, although the deed had once been in the third party's name, the property was part of an implied trust for her. "Trusts are peculiarly subjects of equity jurisdiction."  OCGA § 53-12-6 (a) (6).  The superior court ruled against Hudson, determining that "[s]ince both [Hudson and the third party] were participants in a straw man scheme for the purpose of avoiding a payment to a creditor of [Hudson] they come before the Court with unclean hands and are not entitled to the benefit of any equitable relief."

The Georgia Constitution grants the Supreme Court general appellate jurisdiction over "[a]ll equity cases."  See Ga. Const. of 1983, Art. VI, Sec. VI, Par.

III (2). "'Equity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). Because a substantive issue in this appeal appears to bring this case within that category, this case is hereby TRANSFERRED to the Supreme Court of Georgia for disposition. Accord *Dixon v. Murphy*, 259 Ga. 643 (385 SE2d 408) (1989) (deciding whether doctrine of unclean hands barred party from obtaining equitable relief, which relief related to the doctrine of implied trusts); cf. *Reeves v. Newman*, 287 Ga. 317, 318 (695 SE2d 626) (2010) (if there is no substantive issue regarding the propriety of the equitable relief granted or rejected, then the appeal does not lie in Supreme Court).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 11/13/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*