# Court of Appeals
# of the State of Georgia

ATLANTA,  January 08, 2013

*The Court of Appeals hereby passes the following order:*

**A12A2570. HOLIDAY HOSPITALITY FRANCHISING, INC. v. NOONS.**

Holiday Hospitality Franchising, Inc. filed this appeal of the trial court's denial of its post-judgment motion to pierce the veil of various business entities to satisfy the judgment it holds against Thomas F. Noons personally. The sole issue Holiday Hospitality raises on appeal is whether *Acree v. McMahan*, 276 Ga. 880 (585 SE2d 873) (2003), bars its motion or whether it can avail itself of an exception to *Acree*.

In *Acree*, the Supreme Court expressly rejected the concept of reverse piercing "to the extent that it would allow an outsider, such as a third-party creditor, to pierce the veil in order to reach a corporation's assets to satisfy claims against an individual corporate insider." (Punctuation omitted.) Id. at 881. The Court observed that "reverse alter ego" is an equitable doctrine, id., and that "disregard of the corporate form rests on equitable principles." Id. at 882. "As a consequence, it is appropriately granted only in the absence of adequate remedies at law." Id. at 883.

The Supreme Court has exclusive appellate jurisdiction in "all equity cases." Ga. Const. of 1983, Art. VI, § VI, ¶ III (2); *Kemp v. Neal*, 288 Ga. 324, 325 (1) (704 SE2d 175) (2010). Its "appellate jurisdiction over 'equity cases' is limited to cases in which a specific substantive issue raised on appeal involves equitable relief rather than questions of law." *Durham v. Durham*, 291 Ga. 231, 232 (2) (728 SE2d 627) (2012)."Whether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the *issue raised on appeal*, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint. That is, 'equity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court -- whether that relief was

granted or denied." (Citation omitted; emphasis supplied.) Id.

The sole issue raised on appeal is whether Holiday Hospitality can avail itself of the equitable remedy of reverse piercing, a remedy available only in the absence of an adequate remedy at law. We acknowledge that this case originates in the State Court of DeKalb County, which lacks jurisdiction over equity cases. See *Durham*, 291 Ga. at 232 (2); *Davita, Inc. v. Othman*, 270 Ga. App. 93, 94 (1) (606 SE2d 112) (2004). But the Supreme Court's jurisdiction is not determined by the court from which a case originates. See *Durham*, 291 Ga. at 233-234 (2) (Supreme Court "long ago broke any direct link" between a trial court's original jurisdiction and an appellate court's appellate jurisdiction).

For these reasons, this case is hereby ***TRANSFERRED*** to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 01/08/2013
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*