# Court of Appeals
# of the State of Georgia

ATLANTA,___August 10, 2016___

*The Court of Appeals hereby passes the following order:*

## A16A1437. ZELDA ENTERPRISES, LLLP et al. v. GUARINO et al.

The above-referenced interlocutory appeal is solely concerned with the propriety of the trial court's grant of a motion to disqualify counsel. Although we have found no Georgia cases that so hold, other courts have explained that the disqualification of counsel is "an equitable, not a legal, matter." *Jackson v. J. C. Penney Co.,* 521 FSupp. 1032, 1034 (N.D. Ga. 1981); *accord Montalvo v. Judge*, 776 NW2d 100, __ ¶ 22 (Wis. Ct. App. 2009); *Batchelor v. Batchelor*, 570 NW2d 568, 571 (Wis. Ct. App. 1997); *see also In re Internet Navigator Inc.*, 293 BR 198, 207 (Bankr. N.D. Iowa 2003) ("Disqualification of counsel is an equitable remedy which may be barred by laches."). Thus, because this appeal is only concerned with whether the trial court correctly granted a motion to disqualify counsel,[1] the Court of Appeals believes that it lacks jurisdiction. *See* GA. CONST. Art. VI, § VI, ¶ III (providing that,

---

[1] *See Borenstein v. Blumenfeld*, 247 Ga. 406 (276 SE2d 607) (1981) (addressing appeal of an order disqualifying counsel from representation). We also note that the parties' arguments as to the propriety/impropriety of the lower court's grant of the motion to disqualify counsel focus on the lower court's application of the Georgia Rules of Professional Conduct, and the Supreme Court of Georgia has "inherent and exclusive power to regulate the practice of law" in this State. *In the Matter of Turk*, 267 Ga. 30, 31 (1) (471 SE2d 842) (1996) (per curiam); *see also Hunter, Maclean, Exley & Dunn v. St. Simons Waterfront, LLC*, 317 Ga. App. 1, 14-15 (II) (730 SE2d 608) (2012) (declining to adopt bright-line rule because doing so would "encroach upon the authority of our Supreme Court over" the rules of professional conduct), *judgment vacated by St. Simons Waterfront, LLC v. Hunter, Maclean, Exley & Dunn, P.C.*, 293 Ga. 419 (746 SE2d 98) (2013).

unless otherwise provided by law, the Supreme Court has appellate jurisdiction over "[a]ll equity cases"); *Durham v. Durham*, 291 Ga. 231, 232 (2) (728 SE2d 627) (2012) ("'[E]quity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied." (punctuation omitted)); *id.* at 233 (3) ("[F]or a matter to come within this Court's equity jurisdiction, the lower court must have rendered a judgment based upon equitable principles, and that decision must be the primary issue on appeal[.]" (punctuation omitted)). *But see* OCGA § 15-3-3.1 (a) (2) (providing for appellate jurisdiction in the Georgia Court of Appeals over "[a]ll equity cases, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death"); 2016 Ga. Laws, Act 626, § 6–1 (providing that OCGA § 15-3-3.1 will become effective January 1, 2017). And the ultimate responsibility for determining appellate jurisdiction is vested in the Supreme Court of Georgia. See *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996). Consequently, this appeal is hereby TRANSFERRED to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___08/10/2016___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*